### TROUP *v.* CARTER, sheriff.

FISH, C. J. A plea of guilty was entered to a charge of misdemeanor; a fine and chain-gang sentence was imposed, and that relating to confinement in the chain-gang was so molded by the court as to place the defendant on probation, after payment of the fine, and to allow him to serve that part of the sentence without incarceration and under supervision of the court, with certain conditions imposed, all in accordance with the provisions of the act of the General Assembly approved August 16, 1913 (Ga. L. 1913, p. 112; Park's Penal Code, § 1081(a), (b), (c), (d)). Thereafter, and prior to the expiration of the sentence, the probationer was brought before the court on the charge that he had been delinquent in observing the rules prescribed by the court for his conduct; and after due examination and the hearing of evidence, the court revoked its order of probation and directed the sheriff to have the defendant confined in the chain-gang to serve the sentence. The probationer excepted to this ruling, and sought, by writ of error to the Court of Appeals, to have it reversed; the writ was there dismissed on the ground that the order upon which error was assigned was not such a final judgment as is subject to review on bill of exceptions (*Troup* v. *State*, 27 *Ga. App.* 636, 109 S. E. 681); whereupon the prisoner sued out a writ of habeas corpus against the sheriff, and upon the hearing thereof the court remanded him to the sheriff's custody. *Held:* As the judgment imposing the original sentence, as well as that revoking its modification, was still in force and binding — the sentence not having been served,— the court did not err in refusing to discharge the prisoner on habeas corpus, although he testified on the hearing that he had not failed to observe any of the rules prescribed for his conduct by the court, the probation officer testifying also that he had no knowledge or information that the prisoner had in any way violated his parole, and there being no further evidence submitted on such hearing.

*Judgment affirmed. All the Justices concur.*

No. 3142. NOVEMBER 16, 1922.

Habeas corpus. Before Judge Lawrence. City court of Baxley. January 21, 1922.

*V. E. Padgett,* for plaintiff.    *C. H. Parker,* for defendant.