JONES *v.* HICKS, sheriff, *et al.*

No. 8356. JUNE 12, 1931.

*C. L. Bartlett, R. D. Feagin,* and *Alene Hardin,* for plaintiff.
*John Y. Roberts, solicitor,* for defendants.

HINES, J. Jones was convicted, in the city court of Macon, of the offense of simple larceny. He was sentenced by the judge of that court to pay a fine of $100 and to work on the chain-gang for the term of 12 months. By subsequent order of the court Jones was allowed to serve this sentence on probation, upon certain conditions. One of these conditions was that he should pay into the registry of the court the amount of the fine imposed upon him in monthly payments of $10 each. These payments were to begin on January 15, 1931, and were to be made monthly until said fine was fully paid. The order further provided that failure on the part of the defendant to make any one of these monthly payments would be considered a violation of the probation order, and would subject

him to immediate arrest and imprisonment under the original sentence in the case. The defendant failed to pay any of these installments. Thereupon the judge passed an order revoking the former order allowing the defendant to serve his sentence on probation; and he was turned over to the sheriff and the jailor of the county, in order that the sentence of the court should be enforced. The defendant did not except to the order revoking the former order placing him on probation. He filed his petition for the writ of habeas corpus, in which he sought to be discharged from serving said sentence, upon the ground that he was imprisoned to enforce the payment of the fine which had been imposed upon him, which he alleged to be illegal. Upon the hearing the judge of the superior court denied the application and remanded the defendant to the custody of the sheriff and jailor. To this judgment the defendant excepted upon the ground that it was contrary to law.

The judgment imposing the original sentence and the judgment revoking the order of probation are still in force and binding, the original sentence not having been served; and for this reason the court did not err in refusing to discharge the prisoner on habeas corpus. *Troup* v. *Carter,* 154 *Ga.* 481 (114 S. E. 577).

*Judgment affirmed. All the Justices concur.*