(No. 27900.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ERNEST GRUHL, Plaintiff in Error.

*Opinion filed Sept. 19, 1944—Rehearing denied Nov. 16, 1944.*

FRANCIS J. CALLAHAN, JR., and W. G. ANDERSON, both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, MELVIN S. REMBE, JOHN T. GALLAGHER, JOSEPH A. POPE, and RUDOLPH L. JANEGA, all of Chicago, of counsel,) for the People.

Mr. Justice Thompson delivered the opinion of the court:

Plaintiff in error, Ernest Gruhl, was convicted, in the municipal court of Chicago, of the crime of contributing to the delinquency of a child. He was sentenced to imprisonment in the House of Correction for a period of one year. The Appellate Court affirmed the judgment and sentence of the municipal court and the case is now in this court on a writ of error.

Only the common-law record is before us and the two questions raised and argued in the briefs are: (1) that the municipal court was without jurisdiction to enter the judgment and sentence because there was no counsel appointed to defend plaintiff in error; and, (2) that the information did not allege facts constituting the crime of which he was convicted.

The first contention in his behalf is that it appears from the record that plaintiff in error was not afforded the assistance of counsel in his defense, in violation of his constitutional rights guaranteed by the sixth amendment of the Federal constitution and by section 9 of article II of the State constitution of 1870. The case of *Johnson* v. *Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, is relied upon as authority for the proposition that where the record in a criminal case shows that no counsel was appointed to defend the accused and the record is otherwise silent on the matter, it will be assumed that the aforesaid constitutional rights were denied the defendant. No such comfort can be derived from the decision in that case. The isolated statement in the opinion that "if the accused, * * *, is not represented by counsel and has not competently and intelligently waived his constitutional right, the sixth amendment stands as a jurisdictional bar to a valid conviction and sentence," must be considered in the light of the facts presented in that case. The holding of the court was that the trial court should determine, from the facts alleged and proved,

54

whether the accused had competently and intelligently waived his right to be defended by counsel, and that the burden rested on the accused to establish that he had not properly and intelligently waived such right. In the remandment of the case the district court was specifically directed to determine from the evidence whether the petitioner had sustained that burden.

This question is not new in this State. In aggravated cases, where the record abundantly shows that one accused of murder has not received the advantage of all his available defenses by reason of his inability to speak and understand our language and to understand our laws and institutions, the court should not accept his plea of guilty, after he has confessed the killing, without the concurrence of counsel appointed to defend him. (*Gardner* v. *People,* 106 Ill. 76.) The rule is by no means as favorable to one accused of a mere misdemeanor, who is convicted on a plea of not guilty, and there is no showing in the record that he has been deprived of any substantial defense, nor denied, on request, that he be defended by counsel. While the court, in criminal cases, is bound to see that defendants are provided with counsel, when requested, if they are unable, through ignorance, misfortune or other circumstance, to procure such assistance, in the absence of a showing to the contrary this court must presume that the trial judge did not deny a request for the services of counsel. (*People* v. *Parcora,* 358 Ill. 448.) It is not contended that he made any such a request nor is it pointed out wherein plaintiff in error was deprived of any defense by reason of his own ignorance, misfortune or similar circumstance. There is no bill of exceptions in the record and we must indulge the presumption in favor of the regularity of the proceedings in the trial court. *People* v. *Corbett,* 387 Ill. 41.

The second contention raised is equally without merit. It is argued that the conviction cannot be sustained because the information fails to allege that the child named in the

information became a delinquent as a result of the acts complained of and that the allegation that the child was three years of age conclusively demonstrates that it could not become a delinquent under any of the definitions enumerated in the statute. One of the elements enumerated is indecent or lascivious conduct. (Ill. Rev. Stat. 1943, chap. 38, par. 103.) Paragraph 104 of the same statute provides in substance, that anyone, who shall knowingly or willfully do acts which directly tend to render any such child so delinquent, shall be guilty of the crime of contributing to the delinquency of children. The acts alleged against plaintiff in error were such as would directly tend to render such child guilty of indecent and lascivious conduct. Since the crime was complete when the acts were committed it was not necessary for the information to allege, nor for the trial court to find, that the child, who is the subject of the offense, should be or become, by reason of the acts committed, a delinquent child. *People* v. *Klyczek,* 307 Ill. 150.

The allegations in the information were sufficient to inform the defendant of the crime with which he was charged, and any jury could easily understand them. (*People* v. *Westerdahl,* 316 Ill. 86; *People* v. *Cohen,* 303 Ill. 523.) The argument that the information is insufficient to sustain a conviction for contributing to the delinquency of a child because it, at most, alleged the crime of "indecent exposure," is without merit. A single act may constitute a violation of more statutes than one. *People* v. *Goldberg,* 327 Ill. 416; *People* v. *Singer,* 288 Ill. 113.

For the above and foregoing reasons, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*