People of State of Illinois, Defendant in Error, v. Felix Ostrowski, Plaintiff in Error.

Gen. No. 44,352.

Opinion filed May 4, 1948. Rehearing denied May 18, 1948. Released for publication June 4, 1948.

. ELLIS & WESTBROOKS, of Chicago, for plaintiff in error; RICHARD E. WESTBROOKS, of Chicago, of counsel.

WILLIAM J. TUOHY, State's Attorney of Cook County, for defendant in error; JOHN T. GALLAGHER, W. S. MIROSLAWSKI, and MELVIN S. REMBE, Assistant State's Attorneys, of counsel. .

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This writ of error is prosecuted by the defendant, Felix Ostrowski, to reverse a judgment of the municipal court of Chicago, which adjudged him guilty of the criminal offense of contributing to the delinquency of a child and sentenced him to serve a term of six months imprisonment in the House of Correction and to pay the costs. Defendant entered a plea of not guilty and, having waived a jury, the case was tried by the court without a jury.

The only errors assigned for reversal pertain to the information upon which defendant was tried and convicted. It was prepared on a court form entitled, "In-

formation by individual'' and, omitting the formal portions thereof, reads as follows:

"——————————————————————— a resident of the City of Chicago, in the State aforesaid, in his own proper person, comes now here into Court, and in the name and by the authority of The People of the State of Illinois, gives the Court to be informed and understand that Felix Ostrowski heretofore, to-wit, on the 6th day of September, A. D. 1947, at the City of Chicago, aforesaid, did unlawfully, knowingly and wilfully encourage Mabel—Joint a F person under the age of 18 years to-wit: 16 years of age to be or to become a delinquent child and did then and there unlawfully, knowingly and wilfully do acts which directly produced, promoted and contributed to conditions which tended to render said Mabel—Joint to be or to become a delinquent child in that he, the said Felix Ostrowski did, ingage [engage] in indecent, obscene and lasvicious [lascivious] conversation with the said; In violation sec. 2;—Par. 104, Chap. 38, Illinois Revised Statutes, contrary to the form of the Statute in such case made and provided, and against the Peace and Dignity of the People of the State of Illinois.

.   X   Mable Joint.

STATE OF ILLINOIS ⎫
CITY OF CHICAGO. ⎬ ss.
COUNTY OF COOK ⎭

Mable Joint being first duly sworn, on oath, deposes and says that he resides at; that he has read the foregoing information by subscribed and that the same is true.

X   Mable Joint.

Subscribed and sworn to before me this 8th day of September, A. D. 1947.

Joseph L. Gill,<br>
Clerk of the Municipal Court of Chicago.

Gemler.''

As shown by the information defendant was charged with having violated section 2 of "An Act to define and punish the crime of contributing to the delinquency of children" (par. 104, ch. 38, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 37.090]), the pertinent provisions of which are as follows:

"Any person who shall knowingly or wilfully cause, aid or encourage any male under the age of seventeen (17) years or any female under the age of eighteen (18) years to be or to become a delinquent child as defined in section one (1), or who shall knowingly or wilfully do acts which directly tend to render any such child so delinquent . . . shall be deemed guilty of the crime of contributing to the delinquency of children."

Section 1 of said act contains a number of definitions of a delinquent child. Those which we consider applicable herein are the following: "any female who while under the age of eighteen (18) years" knowingly associates with "immoral persons"; or "is guilty of indecent or lascivious conduct."

It will be noted that the name of the individual who presented the information to the court is not stated at the beginning or immediately preceding the charging portion thereof and that the name of the child, who is the alleged subject of the crime, was omitted after the word "said" at the conclusion of the specific act charged under the videlicet. It will be further noted that the information, after charging generally in the language of the statute that defendant "did unlawfully, knowingly and wilfully encourage" Mable Joint, a female person 16 years of age, "to be or to become a delinquent child and did then and there unlawfully, knowingly and wilfully do acts which directly . . . contributed to conditions which tended to render said Mable Joint to be or to become a delinquent child," proceeds to charge him under the videlicet with the specific act of engaging "in indecent,

obscene and lasvicious [lascivious] conversation with the said [Mable Joint]."

It is contended that the trial court "had no jurisdiction of the subject matter and the judgment is void," because of the omission of the names of the informant and the child at the particular places in the information heretofore indicated and that the specific act set forth in the information under the videlicet "does not show any criminal offense as having been committed by the defendant."

The defects in the information as to which the defendant complains must be considered in the light of the rule that where an information charges an offense, though defectively, objection can be raised only by motion to quash and of the further rule that, if an information charges no crime or is otherwise fatally defective, such defect can be taken advantage of on writ of error whether the defendant pleads guilty or not guilty and regardless of whether or not the sufficiency of the information was in any way questioned in the trial court.

We will first consider whether the information was fatally defective, because the names of the informant and the child were omitted from the allegations thereof as heretofore indicated. While the informant's name was inadvertently omitted from the information immediately preceding the charging portion of same, it was recited therein that it was brought by a resident of the city of Chicago "in the name and by the authority of The People of the State of Illinois" and the resident who presented the information to the court was identified by her signature to the information and to the verification thereof. The defendant being thus fully apprised as to the identity of the person who presented the information to the court, it certainly cannot be said that the inadvertent omission of her name at the beginning of said information rendered it fatally defective. Neither can it be said that

the inadvertent omission of the child's name after the word "said" at the conclusion of the charging portion of the information rendered same fatally defective, when she had already been twice identified by name in said charging portion thereof. We are impelled to conclude that the omission of the names of the informant and the child as indicated were mere formal defects which were waived by the failure of defendant to present a motion to quash the information in the trial court.

We will now consider defendant's contention that "the charge in the purported information although stated in general terms by alleging that the defendant 'did knowingly and wilfully do acts which directly produced, promoted and contributed to conditions which tended to render the child to become a delinquent child,' is limited by the videlicet, which states, 'in that he, the said Felix Ostrowski, did ingage [engage] in indecent, obscene and lasvicious [lascivious] conversation with the said,' and thereby failed to state any act known to the law of the State of Illinois, as constituting a criminal offense, and such failure to charge a crime render the purported information void."

There is no question but that the information would have been fatally defective if it did not charge defendant with contributing to the delinquency of Mable Joint by the statutory description of that offense and with a specific act or conduct on his part which tended to render Mable Joint a delinquent child as defined in section 1 of said Act. It is conceded that the statutory description of the offense is correctly alleged and we think that the specific conduct of the defendant charged under the videlicet was such an act as the statute contemplated would tend to render a child delinquent.

It is argued in support of the instant contention that "section 1 of the Act to define and punish the crime of contributing to the delinquency of children" defines all acts which render a child delinquent and the facts

set out under the videlicet, "that the said Felix Os-
trowski, did ingage [engage] in indecent, obscene and
lasvicious [lascivious] conversation with the said," is
not included in the acts contained in the statute and did
not charge any criminal offense.

This argument is predicated upon a miscon-
ception of the meaning of the provisions of sections 1
and 2 of the Act in question. Section 1 of the Act does
not, as defendant asserts, define all acts which render
a child delinquent and it does not apply to the acts of
others which tend to render a child delinquent. It
defines, rather, the acts and conduct of a child who
has already become delinquent. The tenor of defend-
ant's argument seems to be that since the specific
charge against him under the videlicet was that he
engaged in indecent, obscene and lascivious conversa-
tion with Mable Joint, such charge did not include any
of the acts enumerated in section 1 and therefore no
criminal offense was alleged in the information. This
line of argument is so preposterous that it does not
merit serious consideration. The information against
defendant was brought under section 2 of the Act and
it charged him substantially in the language of the
statute with knowingly or wilfully encouraging Mable
Joint, a child sixteen years old, to be or to become a
delinquent child as defined in section 1 by knowingly
or wilfully committing acts which directly tend to ren-
der her a delinquent child. The information then
charged defendant with the specific act constituting the
offense by alleging therein that he engaged in indecent,
obscene and lascivious conversation with the child,
Mable Joint. It will be noted that the gist of the of-
fense is that defendant knowingly or wilfully com-
mitted an act which directly tended to render the child
delinquent and it has been repeatedly held that a child
who is the subject of the crime of contributing to the
delinquency of a child might not be or become a delin-
quent child but the crime is complete when acts are

committed which directly tend to render the child delinquent. (*People v. Klyczek,* 307 Ill. 150; *People v. Gruhl,* 388 Ill. 52.)

When the conversation which the defendant is alleged in the information to have engaged in with the child, Mable Joint, is considered in connection with the definitions of a delinquent child, heretofore set forth, no other conclusion is possible than that indecent, obscene and lascivious conversation with her would directly tend to render her a delinquent child. Lascivious is defined in Webster's New International Dictionary as meaning "wanton, lewd, lustful." Lustful is defined as meaning "provocative of lust." Lust is defined as meaning "sexual desire, as a violent or degrading passion." We can conceive of few acts that would more readily tend to render a 16-year-old female child delinquent than the use of lascivious language in a conversation with her. The use of such language might well encourage her to associate with immoral persons or be guilty of indecent or lascivious conduct and thereby become a delinquent child as defined in section 1 of the Act.

"The law requires such certainty in an information or indictment that a defendant may know what he is charged with and be able to prepare his defense, and also to identify the offense sufficiently so that the judgment may be shown in support of a plea of former jeopardy or the like. *Guedel v. People,* 43 Ill. 226; Bishop on Criminal Procedure, Vol. 1, sec. 325." (*People v. Ellis,* 185 Ill. App. 417, abst. Gen. No. 19648.)

In our opinion the information in question here complied with the requirements set forth in the *Ellis* case as to certainty and sufficiency and we are further of the opinion that it is sufficient under par. 716, sec. 6, ch. 38, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 37.691], which provides in part as follows:

"Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which

states the offense . . . *so plainly that the nature of the* offense may be easily understood by the jury." (Italics ours.)

Other points are urged and have been considered but in the view we take of this case we deem it unnecessary to discuss them.

For the reasons stated herein the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.