32642. BROWN *v.* AKIN, Solicitor-General.

DECIDED OCTOBER 28, 1949.

*Mitchell, Mitchell, Bolling & Mitchell,* for plaintiff in error.
*Warren Akin, Solicitor-General,* contra.

GARDNER, J. ■ The defendant bases his contentions for a reversal of this case first upon the contention that the sentence in case number 2 and the sentence in case number 3 ran concurrently and not consecutively. From the entire record it is, evident that this contention arose over the conflict in the dates of the sentences in cases numbers 2 and 3. The sentence in case number 2 is dated September 3, 1946. The sentence in case number 3 is dated August 3, 1946. The terms of the Superior Court in Gordon County are the fourth Mondays in February, May, August and November. It is clear, therefore, from the entire record that August 3, 1946, is a typographical error. This is borne out further by the response of the defendant to the petition of the solicitor-general to revoke the probationary sentence of the defendant. In that response the defendant alleges that he began the service of the sentence in case number 2 on September 3, 1946, and, following the expiration of that sentence, entered upon the service of the sentence in case number 3. Since the August term of the Superior Court of Gordon County did not open until the fourth Monday in

August, 1946, it is clear that the contention of the defendant, to the effect that the provision in the sentence in case number 2 that the service of the sentence in case number 3 should begin at the expiration of the sentence in case number 2 is mere surplusage and should be disregarded, is without merit. Therefore, the two sentences should be considered as running consecutively and not concurrently.

■ The only remaining contention of the defendant as to why the judgment of the court should be reversed is that the defendant, even though serving his sentence outside the confines of the penitentiary and on probation, should be granted four days' credit in each month of the sentence for good behavior, or good conduct as if he were serving the sentence in a penal institution. This contention of the defendant has been decided adversely to him in *Green* v. *Adams*, 170 *Ga.* 632 (153 S. E. 762), wherein the Supreme Court said: "The court did not err in rendering the judgment excepted to. Section 1179 of the Penal Code, providing that the time of service shall be shortened for good behavior, is not applicable to the case of one who has been convicted of a misdemeanor and whose sentence is so molded as to allow him to serve the sentence outside the confines of the chain-gang. Under this ruling and the decision in the case of *Troup* v. *Carter*, 154 *Ga.* 481 (114 S. E. 577), the court did not err in refusing to discharge the applicant from custody." Also, the Court of Appeals in *Wood* v. *State*, 68 *Ga. App.* 43 (21 S. E. 2d, 915), said: "We think that, under the terms of this sentence, the court had authority to compel the defendant to serve any portion of it remaining within the limits of twelve months next succeeding August 23, 1941, the date of the original sentence, with or without cause." Further confirming our view as to this contention see Code (Ann. Supp.) § 77-380, wherein it is specifically provided: "Misdemeanor prisoners: The person in charge of any institution having misdemeanor prisoners shall keep a book in which shall be entered the names of all misdemeanor prisoners in the institution, and at the end of each laboring day shall record opposite the name of each prisoner his conduct during the day; and should it appear from this book that the conduct of the prisoner has been good, that he or she has been diligent in performing the work assigned, his or her time of

service and confinement shall be shortened four days in each month for the time of the sentence. This reduction of time is for continued good conduct." This contention is without merit.

The court did not err in its judgment revoking the probationary sentence of the defendant for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Worrill, J., concur. Townsend, J., disqualified.*