People of State of Illinois, Plaintiff-Plaintiff in Error, v. Billy Lee Lobb, Defendant-Defendant in Error.

Gen. No. 10,043.

Third District.

May 14, 1956.

Released for publication May 31, 1956.

Kenneth E. Evans, State's Attorney of Macon county, of Decatur, for plaintiff in error; Lloyd F. Latendresse, Roy B. Foster, and David C. Jack, Assistant State's Attorneys, all of Decatur, of counsel.

A. R. Ivens, of Decatur, for defendant in error.

PRESIDING JUSTICE HIBBS delivered the opinion of the court.

On May 5, 1955 an information was filed in the County Court of Macon county against Billy Lee Lobb and John Rainey charging them with the offense of contributing to the delinquency of a minor child. Defendant Lobb filed a motion to quash the information. Instead of ruling thereon the court granted a motion by the State's Attorney to amend the information. On June 15, 1955 Lobb again moved to quash the information, which motion was allowed by the court on the following day. The People have appealed from this order.

The information charged that Lobb and Rainey on April 2, 1955 in Macon county, Illinois "did unlawfully, knowingly and wilfully do an act which tended to render Marilyn Stephens . . . a female person under the age of eighteen years, to-wit sixteen years, a delinquent child by . . . procuring and providing intoxicating liquor, to-wit, beer for the said . . . minor child, two or three cans of which said child, the said Marilyn Stephens did . . . drink in the company of said Billy Lee Lobb and John Rainey while riding

in an automobile after dark with said Billy Lee Lobb and John Rainey, and while no parent, guardian or other person with the right to supervise the conduct of the said Marilyn Stephens was present, and the said Billy Lee Lobb and John Rainey not then and there having had the consent of any parent, guardian or other person with the right to supervise the conduct of said Marilyn Stephens to so provide beer for the said Marilyn Stephens, contrary to the form of the statutes in such cases made and provided. . . ."

While the court did not state upon which of the four counts in Lobb's motion it based its order, both parties on appeal agree that the only issue here is whether the information in question charges a crime.

Par. 103, Chap. 38, Ill. Rev. Stat. 1953 defines a delinquent child as one who "violates any law of this State; or is incorrigible, or knowingly associates with thieves, vicious or immoral persons; or without just cause and without the consent of its parents, guardian or custodian absents itself from its home or place of abode, or is growing up in idleness or crime; or knowingly frequents a house of ill repute; or knowingly frequents any policy shop or place where any gambling device is operated; or frequents any saloon or dram-shop where intoxicating liquors are sold; or patronizes or visits any public pool room or bucket shop; or wanders about the streets in the night time without being on any lawful business or lawful occupation; or habitually wanders about any railroad yards or tracks or jumps or attempts to jump onto any moving train; or enters any car or engine without lawful authority; or uses vile, obscene, vulgar, profane or indecent language in any public place or about any school house; or is guilty of indecent or lascivious conduct."

Par. 104 of the same chapter provides that anyone "who shall knowingly or wilfully cause, aid or encourage . . . any female under the age of eighteen (18) years to be or become a delinquent child as defined in

127

section one (1), or who shall knowingly or wilfully do acts which directly tend to render any such child so delinquent . . . shall be deemed guilty of the crime of contributing to the delinquency of children."

These sections of the Criminal Code were construed by the Supreme Court in People v. Plocar, 411 Ill. 141, where it was held that an information must define in what manner the child was rendered delinquent. Either it must include one of the definitions of delinquency set forth in par. 103, or, as stated at page 145: "The language must plainly and concisely set out sufficient facts to apprise the defendant of the crime charged against him such as defined by the statute."

The State contends here that the information in question qualifies under the language just quoted. In support of its position it cites People v. Ostrowski, 334 Ill. App. 494. In that case the Appellate Court for the First District held that an information under Section 2 [Ill. Rev. Stats. 1953, ch. 38, § 104] need not allege that the child actually became delinquent but merely that the defendant's acts tend to render the said child delinquent, that it need not charge the defendant with one of the acts set forth in one of the sections under the statute but must charge conduct which would tend to cause a child to commit one or more of the acts defined therein; and finally that an information charging the defendant with engaging "in indecent, obscene and lascivious conversation" with a child was sufficient since such conversation would encourage a child to associate with immoral persons or be guilty of indecent or lascivious conduct—two acts defined in Section 1. The State points out that the information in the Ostrowski case did not charge that the defendant's conduct encouraged the child to commit such acts but that this was inferred by the court. It urges that in the present case a similar inference should be made and points out that the giving of intoxicating liquor to a minor female child might well encourage her to become

incorrigible, to associate with evil companions, to frequent taverns or even to engage in immoral or lascivious conduct.

The State in addition to People v. Ostrowski, supra, also cite People v. Friedrich, 385 Ill. 175 (selling obscene books), People v. Walker, 305 Ill. App. 500 (indecent exposure), People v. Fry, 403 Ill. 574 (lascivious acts), all of which it should be noted involve acts on the part of a defendant which result in sexual stimulation. Thus a statement in an information that conduct of the type described in each of these cases tended to cause the child to become delinquent leaves the inescapable inference that it tended to cause the child to be "guilty of indecent or lascivious conduct," one of the acts of delinquency defined in Section 1. There could be no doubt as to what type of delinquency the defendant's acts, in each of these cases, tend to cause. In each the information properly notifies the defendant of what charge he would be expected to meet so that he could prepare a defense.

The inferences that the State would have us draw in this case do not so readily follow. Opinions of respectable people differ as to the wisdom and morality of the use of intoxicating liquors in moderation. Most people, however, would condemn the giving of three cans of beer to a sixteen year old girl, but that is not the issue here. The Legislature did not in Section 2 make every act involving a child, however reprehensible a crime, but only those which "directly tend" to cause a child to do the things condemned by Section 1. While under certain circumstances, the giving of three cans of beer to a sixteen year old girl might encourage her to become incorrigible, to associate with evil companions, to frequent taverns or act in an immoral or lascivious way, we do not believe that such unfortunate conduct would necessarily follow. Thus it cannot be said that the defendant's conduct here directly tended to cause this girl to become delinquent.

The defendant could not tell from this information what type of delinquency defined in Section 1 his acts tended to cause. He therefore could not know against what charges he might have to defend. We believe the County Court of Macon county properly quashed the information here on the defendant's motion. Its judgment is therefore affirmed.

Judgment affirmed.