19771. MULLENNIX *v.* BALKCOM, Warden.

MOBLEY, Justice. "A writ of habeas corpus looks only to the lawfulness of the present confinement. It does not deal with the lawfulness of a possible future imprisonment under another sentence. McNally *v.* Hill, 293 U. S. 131, 55 Sup. Ct. 24, 79 L. ed. 238." Seay *v.* Sanford, 158 Fed. 2d 281; Kennedy *v.* Sanford, 76 Fed. Supp. 736, affirmed 166 Fed. 2d 568, certiorari denied, 333 U. S. 864. Consequently, where, on April 22, 1953, the petitioner was sentenced in Fulton County to serve from two to two years in the penitentiary for forgery, and on June 10, 1953, was sentenced in DeKalb County to serve from two to six years for assault with intent to rape, said sentence to follow the sentence imposed in Fulton County, and on June 29, 1953, was sentenced in Coweta County to serve from four to five years for obtaining goods on false writings, said sentence to follow those previously imposed in Fulton and DeKalb Counties—a petition for the writ of habeas corpus on the ground that the sentence imposed in Coweta County is null and void is premature, where it does not appear that the petitioner has finished serving the sentences imposed in Fulton and DeKalb Counties and is now serving the sentence imposed in Coweta County. The judgment remanding petitioner to the custody of the respondent is not erroneous.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 9, 1957—DECIDED SEPTEMBER 12, 1957.

Calvin C. Mullennix, *pro se.*

Eugene Cook, Attorney-General, J. Max Cheney, Deputy Assistant Attorney-General, E. Freeman Leverett, Assistant Attorney-General, contra.