20999.  WHITE v. GRIMES, Sheriff.

Argued September 15, 1960—Decided October 6, 1960.

*Ben S. Atkins, Robert T. Efurd,* for plaintiff in error.
*Paul Webb, Solicitor-General, E. L. Tiller, Earl Hickman,* contra.

ALMAND, Justice.  This is a habeas corpus case.  Jack White in his petition for the writ alleged that he was being illegally detained by Ralph Grimes, Sheriff of Fulton County.  After a hearing he was remanded to the custody of the respondent.

The petition for the writ and the evidence, oral and documentary, produced by the petitioner show: On October 15, 1943, under a three-count indictment charging him with burglary, on his plea of guilty, he was sentenced to serve a minimum of six years.  On the same day he pleaded guilty to an indictment charging him with the larceny of an automobile, and received a sentence of 18 months.  On January 24, 1944, in the same court on his plea of guilty to the charge of burglary he received a minimum sentence of six years to run concurrently with the sen-

tence he was then serving. The evidence discloses that the petitioner while serving these sentences escaped twice in 1944. He received a sentence in Florida, which he served until 1952, when he escaped. In October or November, 1953, he was arrested and began serving time under sentence of a United States Federal court. He was delivered to the custody of the Georgia State prison authorities in September, 1959. The prison record of the petitioner from the State Board of Corrections shows that the petitioner is now being held under sentences of which the aggregate minimum terms are nine years, and the minimum sentence without extra good time would expire on June 2, 1966, allowing statutory good time as provided by law.

As to the sentences imposed by Fulton Superior Court, the petition asserts that they are void and illegal because the petitioner was not advised of his right to counsel, was not offered counsel, and he had a weak mind and only a sixth-grade education. The record in these cases in Fulton Superior Court discloses that the petitioner entered his written pleas on the indictments, but is silent as to what transpired as to counsel on his trials. His testimony given on the habeas corpus hearing discloses that, at the time he entered his pleas, he was 24 years old and had on two previous occasions in 1938 and 1939 entered pleas of guilty to two felony charges, at which time he was represented by counsel, and that when he entered his plea of guilty in 1943 his mother was present in court.

From the facts above enumerated, it will be seen that petitioner has served only approximately two years of the nine years' minimum sentences imposed in 1943 and that his present detention is by virtue of these sentences. The sole question then is whether such detention is illegal because he was not advised of his right to counsel and was not offered counsel to represent him at the time he entered his pleas of guilty in 1943. The petitioner testified at the habeas corpus hearing that the court did not offer him counsel or advise him of his right to counsel. He did not testify that he requested the appointment of counsel. The record is silent as to whether he was offered counsel by the court.

■ This court in *Bradford v. Mills*, 208 Ga. 198(3) (66

S. E. 2d 58), held that the allegations in a habeas corpus petition to the effect that the defendant had entered a plea of guilty to an indictment for a felony offense "without the advice of counsel" were insufficient to charge that he was denied his constitutional right of the privilege and benefit of counsel, since the petition failed to allege that he was unable to employ counsel or that he desired or made any request for counsel or that the court declined to appoint counsel to represent him. See also *Elam v. Rowland,* 194 Ga. 58 (20 S. E. 2d 572) ; *Clarke v. Cobb,* 195 Ga. 633 (24 S. E. 2d 782).

Where the record of the trial does not affirmatively show in a felony case that the accused person of mature age was denied the benefit of counsel, it must be presumed that the trial judge did his duty and that the accused was not denied his right to counsel. Myers v. State, 84 Fla. 508 (94 So. 507); People v. Gruhl, 388 Ill. 52 (57 N. E. 2d 371) ; State v. Heyer, 89 N. J. L. 187 (98 A. 413 (6)). In Bute v. Illinois, 333 U. S. 640 (68 S. Ct. 763, 92 L. Ed. 986), the defendant, who had entered a plea of guilty to a non-capital offense, contended that his sentence was void because he had not been offered the benefit of counsel. The record was silent as to whether he had requested counsel or that he had been denied counsel. It was there held that, in the absence of any showing beyond the record of the case, the due-process clause of the Fourteenth Amendment does not require a State court to inquire of the defendant in a felony case as to his desire to be represented by counsel or his desire to have counsel assigned to him or require the court to offer or assign counsel to him. If any presumption is to be indulged in as a result of silence regarding counsel for the defendant in the record of a State criminal offense, it should be presumed that the court discharged its State and Federal duties to the defendant, including those relating to his right, if any, to the assistance of counsel.

The record in this case failing to show that the petitioner, a person of mature age at the time he entered his pleas of guilty in 1943, either requested the appointment of counsel or that the court refused to appoint counsel, it will be presumed that the trial judge performed his duties respecting the constitutional

rights of the petitioner as to counsel, and that he waived his right to counsel.

█ ██ In his petition for the writ of habeas corpus, the petitioner also attacks the validity of the sentences imposed upon him in Cobb Superior Court in November, 1944. As shown above, his present detention is by virtue of the 1943 sentences of Fulton Superior Court. The writ of habeas corpus looks only to the validity of the present confinement. It cannot deal with the lawfulness of a possible future imprisonment under another sentence. *Mullennix v. Balkcom,* 213 Ga. 490 (99 S. E. 2d 832). Consequently, the validity or invalidity of the Cobb Superior Court sentences cannot be determined in this case.

The detention of the petitioner not being illegal for any reason assigned, the court did not err in remanding him to the custody of the respondent.

*Judgment affirmed. All the Justices concur, except Hawkins, J., who is disqualified.*