## 21008. BALKCOM, Warden v. GAULDING.

HAWKINS, Justice. John M. Gaulding, Jr., on April 8, 1957, in White County Superior Court, on pleas of guilty to violation of the Uniform Narcotics Act, was sentenced to serve not less than 5 nor more than 5 years on each of twelve counts, said counts being Nos. 1620 through 1631, which sentences were to run concurrently; and was given a sentence of not less than 5 nor more than 5 years on Count No. 1632, which sentence was to begin at the expiration of the sentence imposed in Count No. 1620. All of the sentences were suspended and the defendant placed on probation under certain conditions. On March 26, 1960, all of the aforementioned probationary sentences were revoked, the defendant to be required to serve the remainder of his sentences in confinement. The defendant filed a habeas corpus petition in the City Court of Reidsville, and on June 16, 1960, the trial court released him from confinement on the sentences under Counts 1620 through 1631, and declared that the revocation of his probated sentence under Count 1632 was "null and void, the same being prematurely revoked and illegal and contrary to the laws of the State of Georgia." The exception is to that judgment. As we view this case, there are two questions involved. First, whether the petitioner for the writ of habeas corpus is entitled to statutory or extra good time, as a matter of law, for that portion of time spent serving the probated sentence prior to the revocation thereof, and, second, whether or not it would be lawful to imprison him under the sentence imposed in Count No. 1632. *Held:*

1. While *Code Ann.* § 77-320 (Ga. L. 1956, pp. 161, 178), provides that "The State Board of Corrections shall formulate rules and regulations providing for extra good-time allowances in addition to the statutory good time hereafter provided, to be awarded to deserving and exemplary *prisoners,*" and *"Upon receipt of a prisoner* by any prison or county public works camp operated under the jurisdiction of the State Board of Corrections, said Board shall forthwith compute the aggregate of the maximum extra good-time allowances and statutory good-time allowances that *said prisoner* can possibly earn for the minimum and maximum sentence or sentences imposed thereon" (emphasis supplied), a probationer is not a prisoner within the meaning

of this statute, and, therefore, one serving a sentence on probation is not entitled as a matter of law to statutory or extra good-time allowances. *Code Ann.* § 77-309; *Code Ann.* Ch. 27-27. See *Brown v. Akin,* 80 Ga. App. 309 (55 S. E. 2d 875), and cases there cited.

2. Where, as in this case, the petitioner for writ of habes corpus, who, on April 8, 1957, in White County Superior Court, on pleas of guilty to violation of the Uniform Narcotics Act, was sentenced to serve not less than 5 nor more than 5 years on each of twelve counts, said counts being Nos. 1620 through 1631, which sentences were to run concurrently, had approximately one year left to serve under these sentences at the time of the hearing, before starting to serve a sentence of not less than 5 nor more than 5 years on count No. 1632, which sentence was to begin at the expiration of the sentence imposed in count No. 1620, the petition for the writ of habeas corpus on the ground that the sentence imposed in the latter count is null and void is premature, since a writ of habeas corpus looks only to the lawfulness of the present confinement, and does not deal with the lawfulness of a possible future imprisoned under another sentence. *Mullennix v. Balkcom,* 213 Ga. 490 (99 S. E. 2d 832).

3. Under the foregoing rulings, it necessarily follows that the judgment releasing and discharging the applicant from the custody of the respondent is erroneous.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1960—DECIDED OCTOBER 11, 1960— REHEARING DENIED OCTOBER 18, 1960.

*Eugene Cook, Attorney-General, Earl L. Hickman, Assistant Attorney-General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney-General,* for plaintiff in error.

*Malone Sharpe, Guy B. Sharpe, Jr.,* contra.

