22522.   PIPPIN, Warden v. SHEFFIELD.

Argued June 8, 1964—Decided July 10, 1964.

*Eugene Cook, Attorney General, Albert Sidney Johnson, Peyton S. Hawes, Jr., Assistant Attorneys General,* for plaintiff in error.

C. C. Sheffield, *pro se.*

GRICE, Justice. We review here a judgment in a habeas corpus proceeding discharging the prisoner from the custody of the warden. The prisoner, C. C. Sheffield, filed his petition in the Superior Court of Jefferson County against W. B. Pippin, warden of the Jefferson Prison Branch, alleging that he was being illegally detained by the warden in violation of the Fourteenth Amendment of the Federal Constitution and Art. I, Sec. I, Par. V of the State Constitution, in that he was denied counsel at his 1959 arraignment, plea of guilty and sentencing to a term of four years.

Under our view of the case, the validity or invalidity of the 1959 sentence complained of as being null and void cannot be determined in this case. The record shows that the prisoner was being detained under several sentences, the latest of which is the only one attacked here, and the undisputed evidence is that he was not due to be released until 1971. Computations from the sentences and dates appearing in the evidence do not show that he was serving the 1959 sentence complained of. Nor is there any other evidence that at the time of this habeas corpus hearing he was serving such 1959 sentence. Therefore, "since a writ of habeas corpus looks only to the lawfulness of the present confinement, and does not deal with the lawfulness of a possible future imprisonment under another sentence," *Balkcom v. Gaulding,* 216 Ga. 410 (116 SE2d 545), this prisoner should not have been released, irrespective of the question of denial of counsel upon the 1959 sentencing.

Accordingly, the judgment ordering the prisoner's discharge was erroneous.

*Judgment reversed. All the Justices concur.*