22545. BALKCOM v. CRATON.

ARGUED JULY 13, 1964—DECIDED SEPTEMBER 11, 1964.

*Eugene Cook, Attorney General, Albert Sidney Johnson, Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Peyton Hawes, Jr.,* for plaintiff in error.

Jerry Allen Craton, *pro se.*

HEAD, Presiding Justice. Jerry Allen Craton brought his petition for writ of habeas corpus alleging that he was being illegally restrained of his liberty under certain prison sentences imposed on him in Paulding Superior Court on January 21, 1961, and other sentences imposed on him in Upson Superior Court on January 28, 1961. He asserted that in both courts he "was not represented by legal counsel," and that the courts "abused his constitutional rights by declining and failing to appoint him legal counsel."

On the hearing of the matter the trial judge passed the following order: "The above foregoing matter having come on for a hearing and it appearing to the court that the petitioner was sentenced in the Superior Court of Upson County on Janu-

ary 28, 1961, and that he was not represented by legal counsel and that he asked for a jury trial, which was denied him, and that said sentence is [sic] received in said county were to be served consecutive to sentence received in the Superior Court of Paulding County on January 21, 1961; now therefore it is hereby ordered that the petitioner be and is hereby remanded to the custody of the respondent to be held on the said sentence from Paulding County. It is further ordered that during the service of the said sentence from Paulding County the petitioner be delivered to the authorities of Upson County to be legally tried for the offenses for which he was illegally sentenced; said sentence therefrom being hereby held void for the reason that petitioner was denied his constitutional rights. It is further ordered that the respondent arrange for the petitioner to be produced for retrial at the first term of the Superior Court of Upson County on said charges subsequent to this date. The costs in this proceeding were hereby taxed to the respondent. This 16th day of April 1964." The respondent warden excepts to this judgment.

It is contended by the respondent that the judgment was contrary to the evidence in the case since the testimony revealed that the petitioner was legally serving the sentences from Paulding County at the time of the hearing, and the only question to be determined in a habeas corpus proceeding is whether or not the petitioner is being legally detained at the time of the hearing.

On the hearing the petitioner testified: "On January 28, 1961 I was brought before the Superior Court in Upson County, Thomaston, Georgia and I did not have a lawyer. I requested a trial by jury and this was denied me. I was then given a total of 18 to 30 years on 5 charges of burglary. On January 21, 1961, I was brought before the Superior Court of Paulding County, in Griffin, Georgia, and charged with 5 cases of burglary. I was given 15 to 25 years on these charges, but I am not contesting these."

R. V. Edenfield, Administrative Assistant of the Georgia State Prison at Reidsville, testified that the petitioner was being held under three sentences imposed in Paulding County and that he

had not completed the service of these sentences; that the sentences imposed in Upson County would not begin until the petitioner had completed the sentences from Paulding County.

In a letter from Edward Trice, Clerk of the Superior Court of Upson County, to the State Board of Corrections, dated January 30, 1961, concerning the petitioner and another person, it was stated that the Upson County sentences were "to run concurrently with the cases in Paulding County."

The sentences imposed in Upson County do not expressly provide that they are to commence after the service of the sentences in Paulding County. By an Act of the General Assembly approved March 18, 1964 (Ga. L. 1964, pp. 494, 495) it was provided: "Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, such sentences shall be served concurrently, the one with the other, unless otherwise expressly provided therein." The provisions of the 1964 Act are made applicable "to sentences hereinbefore or hereinafter given." It therefore appears that the Upson County sentences run concurrently with the Paulding County sentences during the period that the petitioner is serving the Paulding County sentences. This fact does not alter the uncontradicted fact appearing in the record that the petitioner has not completed the service of the Paulding County sentences, and he stated on the hearing that he was not contesting these sentences.

"The only question on habeas corpus is the legality of the detention at the time of the hearing." *Johnson v. Plunkett,* 215 Ga. 353 (4) (110 SE2d 745); *Sanders v. Paschal,* 186 Ga. 837 (1) (199 SE 153); *Harris v. Norris,* 188 Ga. 610, 611 (4 SE2d 840); *Richardson v. Hall,* 199 Ga. 602, 605 (34 SE2d 888). "The writ of habeas corpus looks only to the validity of the present confinement. It cannot deal with the lawfulness of a possible future imprisonment under another sentence." *White v. Grimes,* 216 Ga. 335 (116 SE2d 561); *Mullennix v. Balkcom,* 213 Ga. 490 (99 SE2d 832); *Balkcom v. Gaulding,* 216 Ga. 410 (116 SE2d 545); *Pippin v. Sheffield,* 220 Ga. 179 (137 SE2d 627).

The trial judge properly remanded the petitioner to the custody of the respondent; but after finding his present detention

to be legal, the judge was without authority to hold the Upson County sentences void. That part of the order declaring the Upson County sentences void and requiring the respondent to deliver the petitioner to the Upson County authorities for trial is

*Reversed. All the Justices concur.*