### 22692. BALKCOM, Warden v. HURST.

QUILLIAN, Justice. Walter E. Hurst brought his petition for habeas corpus in the City Court of Reidsville against R. P. Balkcom, Warden of the Georgia State Prison. The petitioner contends that sentences which he was serving from three counties, Richmond, Bulloch and Johnson, were void because he had been deprived of counsel and of a commitment hearing, both in violation of his rights guaranteed by the Fourteenth Amendment to the United States Constitution. After the hearing, the trial judge issued an order that sentences from the three named counties were "declared null and void," but that the petitioner was remanded to the custody of the respondent "for the reason that it further appears [the petitioner] is presently serving sentences from other counties which he is not attacking in this proceeding." Respondent excepts to and assigns as error that portion of the final judgment declaring the sentences from Richmond, Bulloch and Johnson counties void. *Held:*

"A writ of habeas corpus looks only to the lawfulness of the present confinement." *Mullennix v. Balkcom,* 213 Ga. 490 (99 SE2d 832); *Pippin v. Sheffield,* 220 Ga. 179 (137 SE2d 627). Where it is unquestioned that the detention of the petitioner under sentences from other counties is legal, the trial judge has no authority to make any other disposition of the matter except to remand the petitioner to the custody of the respondent. *Balkcom v. Craton,* 220 Ga. 216 (138 SE2d 163). In the case sub judice, after finding the petitioner's present de-

tention to be legal, the judge was without authority to hold the sentences from Richmond, Bulloch and Johnson counties void. Hence, that portion of the order declaring those sentences void must be

*Reversed. All the Justices concur.*

SUBMITTED OCTOBER 13, 1964—DECIDED NOVEMBER 5, 1964.

*Eugene Cook, Attorney General, Peyton Hawes, Jr., Albert Sidney Johnson, Assistant Attorneys General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for plaintiff in error.

Walter E. Hurst, *pro se.*