23354. BURSON, Prison Director and Acting Warden, v. GRESHAM.

QUILLIAN, Justice. The petitioner brought his application for the writ of habeas corpus in the City Court of Reidsville against the acting warden of the Georgia State Prison. The petitioner complained that he had been sentenced to life imprisonment under a two-count indictment which charged him with murder and robbery by force; that although counsel had been appointed for him he was deprived of his constitutional right to counsel; that appointed counsel failed to apprise him of his rights and plead him guilty to both counts; that he was sentenced to life imprisonment under each count, the terms to be served consecutively.

After a hearing at which evidence was adduced that the prisoner was presently serving his sentence under the first count of the indictment (murder), the trial judge issued the following order: "It appearing to the court that the petitioner was given two sentences, each for life, one for murder and the other for robbery by force, both being dated October 15, 1960, and both from the Superior Court of Cobb County, Georgia, growing out of the same offense, it is hereby ordered, considered and adjudged that the two said sentences be served

concurrently instead of consecutively as specified therein, further ordered that the petitioner is hereby remanded to the custody of the respondent." Respondent appealed and enumerates as error that "the court below erred in ordering that two life sentences which defendant in error was serving to be served concurrently rather than consecutively as provided by Cobb County Superior Court." *Held:*

The rule is well settled that habeas corpus looks only to the validity of the present detention. *Brady v. Joiner,* 101 Ga. 190 (5) (28 SE 679); *Mullennix v. Balkcom,* 213 Ga. 490 (99 SE2d 832). Where as here no question is made as to the legality of the present detention, the trial court is without authority to make any other disposition of the matter except remand the petitioner to the custody of the respondent. *Balkcom v. Craton,* 220 Ga. 216, 218 (138 SE2d 163); *Balkcom v. Hurst,* 220 Ga. 405 (139 SE2d 306). Thus, that portion of the order purporting to pass upon the sentence relative to the second count of the indictment is void and must be *Reversed. All the Justices concur.*

ARGUED FEBRUARY 14, 1966—DECIDED FEBRUARY 23, 1966.

*Arthur K. Bolton, Attorney General, Carter A. Setliff, Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for appellant.

William H. Gresham, *pro se.*