## 24717. GRIMES, Sheriff v. SMITH.

UNDERCOFLER, Justice. Bobby Dean Smith filed a writ of habeas corpus in the Superior Court of Fulton County alleging that he is being unlawfully detained by the sheriff of said county. The two sentences involved in this action are as follows: (1) Paulding County, Georgia, Case No. 5009, dated April 15, 1963, which sentenced the applicant to 3-3 years for forgery.

This sentence contained a provision that it was to run concurrently with sentences from Cobb County, Georgia. (2) Cobb County, Georgia, Case No. 28832, dated April 23, 1963, which sentenced the applicant to 5-7 years on a felony charge and provided: "Consecutive to sentence now serving imposed in Paulding County, Georgia."

The applicant contends that his first sentence in Paulding County was amended subsequent to the Cobb County sentence imposed upon him on April 23, 1963, and that these two sentences should run concurrently. However, under our view of these sentences, it is immaterial whether or not the Paulding County sentence was amended after the imposition of the Cobb County sentence since the Act of the General Assembly approved March 18, 1964 (Ga. L. 1964, p. 494; *Code Ann.* § 27-2510 (b)) provides: "Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, such sentences shall be served concurrently, the one with the other, unless otherwise expressly provided therein." The provisions of the 1964 Act are made applicable "to sentences hereinbefore or hereinafter given." *Balkcom v. Craton,* 220 Ga. 216, 218 (138 SE2d 163).

The issue in this case is whether the Cobb County sentence was to run consecutively with the Paulding County sentence. The Cobb County sentence provides: "Consecutive to sentence now serving imposed in Paulding County, Georgia." It is obvious that the trial court specifically directed that the Cobb County sentence run consecutively to the Paulding County sentence then being served, and we so hold.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 12, 1968—DECIDED JUNE 20, 1968.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Joel C. Williams, Deputy Assistant Attorney General,* for appellant.

*Burruss, Bell & Nylen, Stanley Nylen, Ruby Carpio Bell,* for appellee.