## 26722. WIGGINS v. SMITH.

Submitted September 14, 1971—Decided October 7, 1971.

Charles Wiggins, *pro se.*

Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, W. Hensell Harris, Jr., Deputy Assistant Attorney General, for appellee.

GRICE, Justice. This appeal is from the denial of the writ of habeas corpus to a prisoner who claims that his detention is illegal because three sentences were imposed upon him pursuant to accusations instead of grand jury indictments contrary to *Code Ann.* § 27-704. Charles Wiggins makes this contention in a petition filed in the Superior Court of Tatnall County against S. Lamont Smith, Warden of the Georgia State Prison.

For support of his claim the petitioner showed upon the hearing that three life sentences had been imposed upon him by the Superior Court of Colquitt County for armed robbery, a capital felony, to run concurrently. These were based upon accusations. He contends that since *Code Ann.* § 27-704, supra, authorizes waiver of indictments and disposition in non-capital felony and misdemeanor cases only, his waivers of indictment and pleas of guilty are invalid and the three sentences are therefore illegal. He urges that for this reason the writ should have been granted.

This contention is not valid.

It is significant that in addition to the three sentences complained of, the petitioner is now serving another sentence. It is for burglary, a non-capital felony, for twenty years confinement, to run concurrently with one of the three life sentences referred to above. No attack is made upon that sentence.

Under these circumstances it cannot be said that petitioner's present confinement is illegal. See in this connection *Brady v. Joiner,* 101 Ga. 190 (5) (28 SE 679). The rule is well settled that habeas corpus looks only to the validity of the present detention. *Balkcom v. Hurst,* 220 Ga. 405 (139 SE2d 306); *Burson v. Gresham,* 221 Ga. 814 (147 SE2d 445).

This renders it unnecessary to pass upon the other contentions made by the respondent.

Remand of the petitioner to custody of the respondent warden was proper.

*Judgment affirmed. All the Justices concur.*