## 27424. STEED v. AULT.

NICHOLS, Justice. This is an appeal in a habeas corpus case wherein the prisoner was remanded to custody. The petition for writ of habeas corpus attacks his conviction in Meriwether County. On the trial of the issue thus made it appeared that a motion for new trial on such conviction is pending and that he was also serving concurrent sentences imposed by the Superior Court of Fulton County, which sentences were not attacked. The trial court rendered a judgment remanding the prisoner to custody based upon the Fulton County sentences and expressly did not rule upon the Meriwether County convictions because of the pending motion for new trial. *Held:*

"'A writ of habeas corpus looks only to the lawfulness of the present confinement. *Mullennix v. Balkcom,* 213 Ga. 490 (99 SE2d 832); *Pippin v. Sheffield,* 220 Ga. 179 (137 SE2d 627). Where it is unquestioned that the detention of the petitioner under sentences from other counties is legal, the trial court has no authority to make any other disposition of the matter except to remand the petitioner to the custody of the respondent. *Balkcom v. Craton,* 220 Ga. 216 (138 SE2d 163).' *Balkcom v. Hurst,* 220 Ga. 405 (139 SE2d 306); *Burson v. Gresham,* 221 Ga. 814 (147 SE2d 445)." *Pattillo v. Caldwell,* 228 Ga. 587 (186 SE2d 866).

The judgment of the trial court showing no reversible error must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1972—DECIDED OCTOBER 23, 1972.

Ernest Frank Steed, Jr., *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellee.