LEE, Justice,
for the Court:
Ronny Post appeals to this Court from an order of the Circuit Court of Sunflower County denying his petition for a writ of certiorari directed to B. C. Ruth, Director of Records at the Mississippi State Penitentiary, to obtain statutory good time under Mississippi Code 1972 Annotated Section 47-5-139 (Supp.1973), in effect at the time he was sentenced in February, 1974, rather than under Mississippi Code 1972 Annotated Section 47-5-139 (Supp.1975), in effect at the time he was admitted to the penitentiary in August, 1975.
Appellant assigns as error the following:
(1) The application of Mississippi Code 1972 Annotated Section 47-5-139 (Supp. 1975) to deny appellant’s statutory good time credit is an ex post facto application of the law, and is therefore unconstitutional.
(2) The application of Mississippi Code 1972 Annotated Section 47-5-319 (Supp. 1975) to deny appellant’s statutory good time credit denies appellant equal protection under the law, and is therefore unconstitutional.
Appellant entered a plea of guilty to burglary in the Circuit Court of Hinds County in February, 1974, and was sentenced to serve a term of seven (7) years in the Mississippi State Penitentiary, which sentence was suspended and appellant was placed on five (5) years probation. The probation was revoked on August 13, 1975, by said court, and he was committed to the state penitentiary on August 15, 1975, without serving any prior time on the burglary charge.
Appellant contends that Mississippi Code Annotated Section 47-5-139 (Supp.1973) which was in effect at the time of sentencing, applied to him and that he was entitled to, and had a vested right to, statutory good time as provided in said section. The section is as follows:
“Commutation of time for good conduct shall be granted by the superintendent and the following deduction shall be made from the term or terms of sentences when no charge of misconduct has been sustained against a prisoner, namely: Three (3) days per month off of the first year’s sentence; four (4) days per month off of the second year of sentence; five (5) days per month off of the third year of sentence; six (6) days per month off of the fourth year of sentence; seven (7) days per month off of the fifth year of sentence; eight (8) days per month off of the sixth year of sentence; nine (9) days per month off of the seventh year of sentence; ten (10) days per month off of the eighth year of sentence; eleven (11) days per month off of the ninth year of sentence; fifteen (15) days per month off of the tenth year, and all succeeding years of sentence.”
The above section was amended, and at the time of his commitment to the state penitentiary, Mississippi Code Annotated Section 47-5-139 (Supp.1975) was in effect, the pertinent parts of said section being as follows:
“Commutation of time for good conduct to be deducted from a maximum term and/or parole eligibility time shall be granted by the classification committee of the correctional system.
(z) The classification committee shall group all inmates into one (1) of four (4) separate and distinct classes with good time to be earned as follows:
(a) Offenders in Class I shall be allowed to earn up to thirty (30) days reduction for each month served.
(b) Offenders in Class II shall be allowed to earn up to twenty (20) days reduction for each month served.
(c) Offenders in Class III shall be allowed to earn up to eight (8) days reduction for each month served.
(d) Offenders in Class IV shall not be allowed to earn any earned time.”
Appellant further contends that the amended act does not apply to him and that it amounts to an ex post facto law which increases the sentence and which denies him equal protection of the law. The purpose of the act is to encourage discipline. It provides that a distinction may be made in the treatment of offenders so as to encourage them to be orderly, industrious and obedi *1113 ent. The good time provided is contingent upon the good conduct of the prisoner, and misconduct ranging from minimal to serious may forfeit all earned good time. The earned time does not become vested until the prisoner is entitled to be discharged after receiving credit for good time.
In Swope, Warden v. Lawton, 83 F.2d 814 (9th Cir. 1936), the Court held that, until a prisoner reaches the penitentiary and is confined therein in execution of his sentence, he is not entitled to credits which only relate to the period of his confinement by the express terms of the statute. Also, in Miller v. Taylor, Warden, U.S. Penitentiary, Leavenworth, Kansas, 313 F.2d 21 (10th Cir. 1962), the Court said:
“Good time allowances do not reduce the sentence but only enable the prisoner to serve the latter part of his sentence outside prison walls, Lopez v. Madigan, 179 F.Supp. 742 (D.C.N.D.Cal.), aff’d 9 Cir., 273 F.2d 617. They are contingent upon the prisoner’s continued good behavior in prison until they are sufficient to effect his release under supervision, Aderhold v. Perry, 5 Cir., 59 F.2d 379; United States ex rel. Johnson v. O’Donovan, 7 Cir., 178 F.2d 810, and they are subject to forfeiture for his conduct after release, 18 U.S.C.A. § 4165.
Thus it is held that the release of a prisoner prior to his serving his maximum sentence is merely ‘an extension of the prison walls’ and his total record under disciplinary restraint, whether in prison or on parole, determines the time of confinement pending the termination of his sentence. United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468.” 313 F.2d at 22.
The Georgia Supreme Court held in Balkcom v. Gaulding, 216 Ga. 410, 116 S.E.2d 545 (1960) the following:
“While Code Ann. § 77-320 (Ga.L.1956, pp. 161, 178), provides that ‘The State Board of Corrections shall formulate rules and regulations providing for extra good-time allowances in addition to the statutory good time hereafter provided, to be awarded to deserving and exemplary prisoners,’ and ‘ Upon receipt of a prisoner by any prison or county public works camp operated under the jurisdiction of the State Board of Corrections, said Board shall forthwith compute the aggregate of the maximum extra good-time allowances and statutory good-time allowances that said prisoner can possibly earn for the minimum and maximum sentence or sentences imposed thereon’ (emphasis supplied), a probationer is not a prisoner within the meaning of this statute, and, therefore, one serving a sentence on probation is not entitled as a matter of law to statutory or extra good-time allowances. Code Ann. § 77-309; Code Ann. Ch. 27-27. See Brown v. Akin, 80 Ga.App. 309, 55 S.E.2d 875, and cases there cited.” 116 S.E.2d at 546.
In Douglas v. Sigler, 386 F.2d 684 (8th Cir. 1967), the Court was confronted with the question of whether good time authorized under the statute had become vested so as to preclude a forfeiture of the time earned. The Court said:
“The allowance of good time to a prisoner and its denial or forfeiture are strictly matters of statute and are, or course, dependent upon the provisions of the particular statute under consideration. As a general rule the right to a good-time allowance is contingent until the time arises that its allowance will end imprisonment; the grant or denial of such an allowance is discretionary with the executive officer charged with the administration of its provisions; and its allowance is a matter of grace rather than a right. See Anno. 95 A.L.R.2d 1267 (1964).” 386 F.2d at 686.
The Court held that the above principles were applicable to state statutes, citing the case of Uryga v. Ragen, 181 F.2d 660 (7th Cir. 1950), which construed a similar Illinois statute in the following manner:
“[Ajllowance is not a vested right but a conditional one, which, by the statute, becomes effective only when the prisoner, having conducted himself properly, has earned an allowance. ... In other words, a prisoner’s good time is allowed *1114 at the end of his term of imprisonment, when and if its allowance, together with the time served, will entitle him to his discharge, the sentence thus having been served in full. The right to good time, then, is contingent until the time arrives when its authorized allowance will end his term of imprisonment.” 181 F.2d at 663.
In Singleton v. Shafer, 313 F.Supp. 1094 (E.D.Pa.1970) the Pennsylvania legislature had abolished good time and it was contended by Singleton that he and other inmates of the State Correctional Institution in Pennsylvania similarly situated were denied equal protection of the law for the reason that other states provided good time in their penal systems. The Court held that federal law does not require that the states maintain even a minimal system of parole or pardon, much less a particular scheme for giving credit for good behavior and that a state may provide any system of commutation it desires so long as all prisoners within its jurisdiction are treated equally. There was no violation of prisoners’ rights to equal protection of the law. The fact that other states continue to give credit for good time and that Pennsylvania chose to discontinue the practice afforded no basis for a claim of denial of the equal protection of the law.
The same reasoning applies in the present case and where all prisoners in the Mississippi State Penitentiary are treated equally, there is no violation of rights to equal protection of the law.
The record indicates that between August 15, 1975, and September 30, 1976, Post was credited with more good time under the 1975 Supplement than he would have been credited under the 1973 Supplement, and was benefitted more under the act he complains about.
AFFIRMED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.