MATHIS *v.* SCOTT, warden.

No. 15240.  SEPTEMBER 8, 1945.

*Paul T. Chance,* for plaintiff.  *T. Grady Head, attorney-general, R. A. McGraw, assistant attorney-general,* and *E. M. Price,* for defendant.

ATKINSON, Justice. ■ Upon the habeas corpus hearing the plaintiff in error insisted that he was not guilty of the crime for which he was sentenced in the city court of Waynesboro. But the evidence disclosed that he entered a plea of guilty. A confession of the offense by a plea of guilty has the same effect as if he had been tried and found guilty by the verdict of a jury. *Jackson* v. *Lowry,* 171 *Ga.* 349 (155 S. E. 466). On the trial of a habeas corpus proceeding, where it is shown that the detention of the person whose liberty was restrained was by authority of a judgment of the city court founded upon a plea of guilty to an accusation charging him with a misdemeanor, and where there was no lack of jurisdiction in the court, the judgment is final. *Flagg* v. *Sisson,* 125 *Ga.* 277 (54 S. E. 171). The city court of Waynesboro is vested with jurisdiction for the trial of misdemeanor cases. Ga. L. 1903, p. 174. It is insisted that the accused in the city court of Waynesboro did not actually sign a plea of guilty, but there was evidence that he orally stated his desire to enter a plea of guilty, which was ample to authorize the entry of the plea and to require the judge to pronounce a sentence. *Jackson* v. *Lowry* (supra). Since the writ of habeas corpus can not be used merely as a substitute for a writ of error or other remedial procedure to correct errors of law, of which the defendant had opportunity to avail himself, no question as to guilt or innocence or as to any irregularity can be so raised, unless it was such as to render the judgment wholly void. *Aldredge* v. *Williams,* 188 *Ga.* 607 (4 S. E. 2d, 469).

■ In the habeas corpus proceeding it was insisted by the plaintiff in error that, when he was brought before the city court of Waynesboro and there sentenced, he was deprived of the benefit and aid of counsel and the right of trial by jury, under the constitution of the State (Code, § 2-105), and under the constitution of the United States (Code, § 1-806). He insists that he did not plead guilty, was not given a trial by jury, and was denied the benefit and aid of counsel. What took place before the city court became a question of fact. Anna May Mathis, wife of the plaintiff in error, testified that she tried to get a lawyer, and was present at the time when her husband was sentenced. No one mentioned to him about a lawyer or a trial by jury, and when the judge asked him if he wanted to plead guilty, he said, "I guess so if I

can get a small fine." She further testified: "Palmer did not say anything about a lawyer." Palmer Mathis testified that, when he was brought before the judge, he asked, "if I wanted to plead guilty? I told him, I had no lawyer, but, if I could get a small fine and get out of jail, I would do it. I thought I would get a little fine and get out of jail. He gave me 12 months straight in the penitentiary. I plead guilty because I had no lawyer to defend me. If I had had a lawyer, I would not have plead guilty. I would have let him look after my case for me." But this testimony was controverted by the defendant in error. Sheriff O. J. Cliatt testified: "Palmer Mathis said he did not want a lawyer, that he wanted to plead guilty and get a fine so he could get out of jail." P. B. Lewis, the solicitor of the city court, testified: "I read the substantial part of the charge to them (there was another jointly charged with the violation) and asked whether they were guilty or not. Both said they wanted to enter pleas of guilty." Judge G. C. Anderson, judge of the city court, testified: "I as judge of the city court of Waynesboro asked each of the men accused, . . did they have a lawyer and each answered that they didn't; then asked each of them, did they want me to get them a lawyer, and each of them said that they did not want a lawyer. Then I asked, did they want a jury to try them on this charge, and each of them stated to me that they did not want a jury. Then I asked them, what they wanted to do with their case, and each of them stated that they wanted to plead guilty to the charge." There being an issue of fact as to whether Palmer Mathis was deprived of the benefit of counsel and the right of trial by jury, under the foregoing evidence the judge hearing the habeas corpus was fully authorized to find against the contentions of the plaintiff in error. *Williams* v. *State,* 192 *Ga.* 247 (15 S. E. 2d, 219); *Wilcoxon* v. *Aldredge,* 193 *Ga.* 661 (19 S. E. 2d, 499); *Elam* v. *Rowland,* 194 *Ga.* 58 (20 S. E. 2d, 572); *Holley* v. *Lawrence,* 194 *Ga.* 529 (2) (22 S. E. 2d, 154).

The plaintiff in error insists that the sentence under which Palmer Mathis is serving is null and void. He was charged with the offense of possessing non-tax-paid liquor. Omitting formal portions the sentence was as follows: "The defendant above named having entered a plea of guilty to the within charge, it is therefore considered, ordered, and adjudged by the court that he

be confined at labor at the State Penitentiary at Reidsville, Georgia, or such other place as the proper authority may direct for a term of twelve (12) months, provided however that after he has served six (6) months of said sentence he shall be relieved from serving the remaining six (6) months upon the payment of a fine of Four Hundred ($400.00) dollars, to include the costs of prosecution. This the 27th day of April, 1945." The offense with which he was charged was a misdemeanor, and the plaintiff in error insists that, inasmuch as the sentence provided "that he be confined at labor at the State Penitentiary at Reidsville, Georgia," this was, in effect, a sentence to the penitentiary as though he had committed a felony, and the city court of Waynesboro was without jurisdiction to pronounce a felony sentence. The city court of Waynesboro would have no authority to sentence a person to the penitentiary, as its criminal jurisdiction is limited to misdemeanor cases. Ga. L. 1903, p. 174. The record shows that Palmer Mathis is detained in the "stockade" of Burke County and is being restrained by R. E. Scott, warden of said county. By the Code (Ann. Supp.), § 77-344, it is provided: "The Director of Corrections shall have an exclusive power and authority to determine, control, and direct where and in what camp, chain gang, penitentiary, or penal institution, each and every person who has been convicted of any misdemeanor or felony in any court of this State shall serve the sentence imposed upon him, except where otherwise specially provided by law." The Code Ann. (Cumulative Pocket Part), § 77-215, provides: "Every chain gang in this State shall be known and denoted as a public work camp." Since the adoption of the acts, 1937, p. 758, and of the acts, Ex. Sess. 1943, p. 2, together with other intervening acts (1937-1938, Ex. Sess., pp. 195, 352; 1939, p. 106; 1941, p. 273; 1943, pp. 210, 359), the effect of which, as related to the control of convicts, is codified in the Code (Ann. Supp.), § 77-344, first above quoted, giving the Director of Corrections power to designate in what camp both misdemeanor and felony convicts shall serve, the trial judge has no authority to designate any specific penal institute in which the sentence must be served, unless there is some specific provision of the law otherwise applicable. The ordinary felony sentence can only fix the number of years to be served in the penitentiary, and the ordinary misdemeanor sentence can only deter-

mine the time to be served in the public-works camp. Where or in what penal institutions the sentence must be served, is determined by the Director of Corrections. Accordingly, where the sentence in the instant case provided that the defendant "be confined at labor in the State Penitentiary at Reidsville, Georgia," and this language was followed by "or such other place as the proper authority may direct," the attempt to designate the place of confinement, where no effort so to confine the prisoner is shown, becomes mere surplusage and could have no force or effect. Though the sentence may not be technically in the right form, it is not such an irregularity as is hurtful to any right of liberty, nor is it such a defect as makes the sentence void. *Stewart* v. *Sanders*, 199 *Ga.* 497 (34 S. E. 2d, 649).

In the instant case there is evidence that the respondent, R. E. Scott, as warden of Burke County was authorized by the State Department of Corrections to receive Palmer Mathis from the sheriff or jailer of Burke County, and custody was therefore legal. Accordingly, the trial judge did not err in remanding Mathis to the respondent.

*Judgment affirmed. All the Justices concur, except Head, J., disqualified.*