ARCHER *v.* CLARK, Warden.

No. 15785. MAY 15, 1947.

230

*James H. Dodgen,* for plaintiff.

*E. E. Andrews, Solicitor-General,* and *J. Walter LeCraw,* for defendant.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) ■ In the Code, § 27-1404, after requiring that one charged with a crime be arraigned, it is said that "he shall be required to answer whether he is guilty or not guilty of the offense charged in the indictment, which answer or plea shall be made orally by the prisoner or his counsel. If he shall plead 'guilty,' such plea shall be immediately recorded on the minutes of the court by the clerk, together with the arraignment." Here is express legislative recognition of the authority of an attorney at law to speak for his client in open court and for the court to act

thereon. It would be trifling with the court to allow the client, after keeping silent in the presence of the court while his attorney entered a plea of guilty in his behalf and the court acting thereon imposed the sentence, to deny thereafter the authority of his attorney to enter the plea or to deny his approval of such action by his attorney. Had he had any objection, he should have made it known at the time and before the court acted thereon. *Cawthon* v. *State,* 119 *Ga.* 395 (46 S. E. 897); *Frank* v. *State,* 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817); *Kinman* v. *Clark,* 185 *Ga.* 328 (195 S. E. 166); *Mathis* v. *Scott,* 199 *Ga.* 743 (35 S. E. 2d, 285).

■ Under the Code, § 26-1005, the presiding judge is authorized to sentence an accused in a murder case to life imprisonment where the conviction is founded solely upon circumstantial evidence. Also, under the Code, § 27-1404, it is provided that, where the defendant shall enter a plea of guilty, "the court shall pronounce upon such prisoner the judgment of the law, in the same manner as if he had been convicted of the offense by the verdict of a jury." Having such authority, there is no reason why this discretion of the presiding judge could not be exercised in behalf of an accused where a plea of guilty is entered, and we so hold here. The accused having entered a plea of guilty to the charge of murder, and the presiding judge having sentenced him to life imprisonment, it must be presumed, in the absence of anything to the contrary, that the presiding judge did his duty, and that he, therefore, determined at the time the plea was entered that the evidence against the accused was entirely circumstantial. Hence, the judgment under the murder charge is valid, and the judge did not err in denying the habeas corpus and in remanding the prisoner to the custody of the warden.

*Judgment affirmed. All the Justices concur.*