21606. STANFORTH v. BALKCOM, Warden.

DUCKWORTH, Chief Justice. Upon the hearing of this habeas corpus proceeding, involving the incarceration of a prisoner at the Reidsville State Prison, there existed a presumption in favor of the conviction or judgment thereof unreversed, and that the decision of the court convicting him was well-founded. *Code* § 38-114; *Jones & Alford v. Tarver*, 19 Ga. 279; *Mathis v. Scott*, 199 Ga. 743, 744 (1) (35 SE2d 285). The burden of proof was upon the prisoner to overcome this presumption, as his petition alleges his conviction was contrary to law for a number of reasons, which the response of the State denies. He apparently bases his contentions on the theory that a true copy of the record and transcript of the trial would disclose his illegal conviction and the court possesses the judicial authority to order a complete transcript of the record in order to show the alleged illegal conviction. While the certificate

of the trial court states that the record contains all the evidence and specifies all the record material to a clear understanding of the errors complained of, we find neither an approved brief of evidence as a part of the bill of exceptions or record, or anything else which would authorize a reversal of judgment, and since the presumption of his legal conviction stands until overcome by evidence, the lower court did not err in remanding him to the custody of the warden.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 10, 1962—DECIDED APRIL 20, 1962—
REHEARING DENIED MAY 7, 1962.

George W. Stanforth, *pro se.*

*B. Daniel Dubberly, Jr., Deputy Assistant Attorney-General,* contra.