## 22267. GAY v. BALKCOM, Warden.

DUCKWORTH, Chief Justice. In a habeas corpus hearing there is a presumption in favor of the conviction or judgment unreversed, and that the decision of the court convicting the prisoner was well founded, Code § 38-114, Jones & Alford v. Tarver, 19 Ga. 279, Mathis v. Scott, 199 Ga. 743, 744 (1) (35 SE2d 285), Stanforth v. Balkcom, 217 Ga. 816 (125 SE2d 505), and the burden is upon the prisoner to overcome this presumption. His petition alleges he was denied due process and right of counsel, and he was not informed of his right of trial by jury, copy of accusation, list of witnesses and of grand jury indictment; and his conviction was invalid because he was not informed of his rights before signing a waiver, and he "did not understand what he was doing." The evidence at the hearing, at most, was conflicting in that the prisoner testified that he was denied the right of defense counsel and not informed of his rights before signing a waiver of trial by jury and waiver of receiving a copy of the accusation, the list of witnesses and of grand jury indictment, whereas the testimony of the solicitor general is that "he had been advised of his constitutional rights prior to his entry of plea of guilty by Judge George R. Lilly and that he was not denied legal counsel and . . . a certified copy of the criminal warrant, accusation . . ." etc. The evidence and pleadings fail to show or allege that the applicant was unable to employ counsel or that he desired or made any request for counsel, or that the court declined to appoint counsel to represent him. Accordingly, the court did not err in remanding custody to the warden. Bradford v. Mills, 208 Ga. 198 (66 SE2d 58), and citations. The case of Fair v. Balkcom, 216 Ga. 721 (119 SE2d 691), differs on its facts from the present one, and is not applicable.

Judgment affirmed. All the Justices concur.

SUBMITTED NOVEMBER 13, 1963—DECIDED JANUARY 10, 1964.

Robert L. Cork, for plaintiff in error.

Eugene Cook, Attorney General, William L. Grayson, Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, contra.