## 22961. BURKES v. WHITLEY, Warden.

QUILLIAN, Justice. Charlie Burkes brought his petition for a writ of habeas corpus in the City Court of Camilla against J. W. Whitley, Warden of Mitchell County Public Works Camp. The applicant contends that judgments entered against him on June 8, 1964, on his plea of guilty in Terrell Superior Court, which judgments sentenced him to 2 years for making tax unpaid liquor and 12 months for having tax unpaid liquor in his possession, respectively, were null and void as being in violation of the State and Federal Constitutions. After a hearing at which evidence was introduced by both parties, the trial judge denied the application for the writ and remanded the applicant to the custody of the warden. Exception was taken to that judgment and the case is here for review.

In essence, the petition alleged that the applicant suffered a deprivation of his right to counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, Sec. I, Par. III (*Code Ann.* § 2-103) and Art. I, Sec. I, Par. V (*Code Ann.* § 2-105) of the Georgia Constitution. The thrust of his contention is that he was so deprived of counsel because the attorney employed for him by his father: (1) failed to inform him of his right to formal arraignment and indictment; (2) entered a plea of guilty for him against his wishes and without conferring with him prior to entering such plea; (3) failed to raise the question of systematic and arbitrary exclusion of Negroes from the grand and traverse juries of Terrell County. *Held:*

1. The record shows that on June 1, 1964, the defendant through his employed counsel waived indictment by the grand jury, copy of the accusation, list of witnesses, formal arraignment and plead guilty. We find no merit in the applicant's argument that counsel was incompetent in failing to apprize him of the consequences of this act and entering such plea without his consent.

While the evidence was in conflict, it was sufficient to authorize the trial judge to find: that the attorney was employed to obtain a continuance of applicant's case or to obtain for him a light or probated sentence; that the applicant knew the lawyer for many years, the attorney had been previously employed by the applicant's family and the applicant was thoroughly familiar with his ability; that counsel was expe-

rienced and competent; that when the attorney was unable to obtain a continuance of the case, he then advised the applicant to plead guilty, based on his appraisal of the evidence against the applicant, and followed the wise and expedient course of seeking to obtain a probated sentence for the applicant. The record shows the lawyer did achieve an arrangement whereby the defendant was to pay a fine and receive a probated sentence; however, the defendant was either unable or unwilling to pay such fine and received the sentences he now attacks. While the defendant and his father testified he did not plead guilty before the trial judge, his attorney and the arresting officer who was present when the plea was entered, stated that he did so plead. There is no showing that the defendant attempted to withdraw such plea prior to sentencing.

As to the complaint that the applicant was not fully informed of the effect of his plea and waiver of formal arraignment and indictment, the evidence showed that he had previously plead guilty to the same charges (making and possessing liquor) and had been sentenced on such plea.

In *Archer v. Clark,* 202 Ga. 229, 231 (42 SE2d 924), it is held: "It would be trifling with the court to allow the client, after keeping silent in the presence of the court while his attorney entered a plea of guilty in his behalf and the court acting thereon imposed the sentence, to deny thereafter the authority of his attorney to enter the plea or to deny his approval of such action by his attorney." We have an even more cogent reason to find the contentions without merit; for, in this instance, there is evidence that the applicant orally expressed his desire to enter a plea of guilty. See *Mathis v. Scott,* 199 Ga. 743 (35 SE2d 285).

2. We find no merit in the argument that his attorney's failure to raise the question of systematic exclusion of Negroes from the juries of Terrell County effectively deprived the applicant of representation by counsel within the constitutional meaning. It may be pointed out that the attorney was not employed to defend his client on trial, but merely to obtain a continuance or, in lieu thereof, to seek a light or probationary sentence. Even if this were not true, this court has held that it is a lawyer's proper function and duty to determine whether it is to the interest of his client to raise the issue of systematic exclusion. *Cobb v. State,* 218 Ga. 10, 24 (6) (126 SE2d 231). On the present record we can not hold that he was derelict in this regard.

There was sufficient evidence to support the judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 10, 1965—DECIDED MAY 31, 1965—
REHEARING DENIED JUNE 14, 1965.

Habeas corpus. Camilla City Court. Before Judge Hughes.

*C. B. King*, for plaintiff in error.

*James C. Brim, Jr., Robert Culpepper, Jr.*, contra.