## 23399. COBB v. DUTTON, Warden.

CANDLER, Presiding Justice. On October 7, 1960, two indictments were returned against Alonzo Cobb, Jr. in Fulton County. Each contained 6 counts charging him with separate acts of burglary. On November 16, 1960, he plead guilty to each of the 12 counts. With respect to indictment No. 79552, he was sentenced on each count to serve concurrent prison terms of not less than 9 nor more than 12 years. With respect to indictment No. 79553, he was given a suspended prison sentence on each count of not less than 10 nor more than 15 years to follow the sentences imposed on him under indictment No. 79552.

At the December 1960 term of DeKalb Superior Court an accusation was filed by the solicitor general charging Cobb with the commission of three separate acts of burglary which he allegedly committed in that county during July of that year. As to these charges, he waived grand jury indictments and filed pleas of guilty. His waiver and pleas were signed both by him and by William E. Bush, his attorney. On February 28, 1961, he was sentenced to serve a prison term of not less than 12 nor more than 20 years on each of these three burglary charges. The sentences provide that they should run concurrently and also concurrently with any other sentence he was then serving.

On November 29, 1962, and while serving the aforementioned sentences, Cobb escaped from prison and while an escapee was indicted in Fulton County for breaking into an automobile and also for possessing burglary tools. He plead guilty to

each of these charges and was given prison terms to run concurrently but to follow the sentences previously imposed on him in Fulton and DeKalb Counties.

On November 22, 1965, Cobb brought habeas corpus in the City Court of Reidsville against A. L. Dutton, acting warden of Georgia's prison in Tattnall County. His petition for the writ alleges that all of the aforementioned sentences are null and void and his imprisonment under them is unlawful for want of legal assistance when he entered his pleas of guilty. On the hearing of his habeas corpus proceeding, the trial judge held that the 1960 sentences imposed on him in Fulton County were null and void for want of counsel and that his detention under them was therefore unlawful. There is no exception to this holding. He also held that the 1961 sentences imposed on him in DeKalb County were valid and, as to these sentences, he remanded him to the custody of the respondent. He made no ruling on the validity of the 1963 sentences imposed on him in Fulton County since he had not begun serving them. Cobb filed notice of appeal to this court and enumerated as error: (1) the holding that the 1961 DeKalb County sentences were valid, and (2) the court's failure to rule on the validity of the 1963 Fulton County sentences, even though these sentences, as applicant alleges, have delayed and are delaying his eligibility for parole consideration. *Held:*

1. The appellant contends that the 1961 sentences imposed on him in DeKalb County are null and void since he did not have effective legal assistance when he waived indictments and filed the guilty pleas on which they were based. This contention is untenable. When an accused, as here, pleads guilty to criminal offenses and afterwards seeks release from prison on the ground that he did not at the time they were imposed upon him have the benefit of counsel, he has the burden of establishing his contention by a preponderance of the evidence. *Code* § 38-103; *Solesbee v. Balkcom,* 207 Ga. 352 (61 SE2d 471); *Gay v. Balkcom,* 219 Ga. 554 (134 SE2d 600); *Burkes v. Whitley,* 221 Ga. 108 (1) (143 SE2d 171); Walker v. Johnston, 312 U. S. 275 (5) (61 SC 574, 85 LE 830); Adams v. McCann, 317 U. S. 269, 281 (63 SC 236, 87 LE 268, 143 ALR 435). Here the record shows that the applicant for the writ of habeas corpus had finished the eleventh grade in school; that he was, when arraigned for trial, represented by counsel whose competency he does not question; that he and his counsel both

waived indictments and signed his pleas of guilty; that he, so far as the record shows, did not then and does not now contend that he was innocent of the offenses charged against him or any of them; and that he had served approximately 4 years of the sentences imposed upon him before filing this habeas corpus proceeding.

There is a presumption in favor of the validity of the sentences imposed upon the applicant (*Code* § 38-114) and the burden of overcoming and removing that presumption was on him. *Stanforth v. Balkcom*, 217 Ga. 816 (125 SE2d 505). He testified that he was advised by the solicitor general and by Bush, his attorney, that it would be to his best interest to enter pleas of guilty. He offered no other evidence showing or tending to show the invalidity of the sentences imposed upon him except he testified that his attorney conferred with him for only about five minutes before his pleas of guilty were filed. The trial judge as the trior of this issue found and held that the sentences were valid and remanded applicant to respondent's custody; and since he did, we cannot hold under the facts and circumstances of this case that he erred in doing so. In *Archer v. Clark*, 202 Ga. 229, 231 (1) (42 SE2d 924), it was said: "It would be trifling with the court to allow the client, after keeping silent in the presence of the court while his attorney entered a plea of guilty in his behalf and the court acting thereon imposed the sentence, to deny thereafter the authority of his attorney to enter the plea or to deny his approval of such action by his attorney. Had he had any objection, he should have made it known at the time and before the court acted thereon." And more especially is this true in the instant case where the accused and his attorney each signed his pleas of guilty in the presence of the judge.

2. The appellant also enumerates as error the trial judge's failure to rule on the validity of the 1963 sentences imposed on him in Fulton County. He contends that the validity of these sentences should have been ruled on since they have delayed and are delaying consideration of his parole application respecting other sentences. There is no merit in this contention. The applicant, as the record shows, has not begun serving the aforementioned 1963 sentences and under several recent unanimous decisions of this court, it has been held that the writ of habeas corpus looks only to the validity

of the present confinement and cannot bring into question the lawfulness of a possible future imprisonment under another sentence. *Mullennix v. Balkcom,* 213 Ga. 490 (99 SE2d 832); *Balkcom v. Gaulding,* 216 Ga. 410 (116 SE2d 545); *Pippin v. Sheffield,* 220 Ga. 179 (137 SE2d 627) and *Balkcom v. Craton,* 220 Ga. 216 (1) (138 SE2d 163).

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 15, 1966—DECIDED MARCH 22, 1966.

*D. Meade Field, Pasco M. Bowman, II,* for appellant.

*Arthur K. Bolton, Attorney General, Carter A. Setliff, Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for appellee.