23687. DUTTON, Warden v. PARKER.

CANDLER, Presiding Justice. Philip E. Parker was indicted in Dooley County for burglary and on four separate charges of simple larceny. Mr. Carl Savage, an attorney, was appointed to represent him in each of the cases. After conferring with the accused, he entered pleas of guilty to all of the charges for which applicant was indicted. The pleas were entered on August 16, 1965, and the accused was sentenced to serve a term of three years on the burglary charge and a term of one year on each of the other four charges, all to run concurrently. On May 9, 1966, Parker brought habeas corpus against A. L. Dutton, Warden of the Reidsville State Prison, in which he

alleged that the sentences imposed upon him were illegal and void because the court-appointed attorney who represented him and filed his pleas of guilty failed to render him effective legal assistance. On the hearing of the writ, applicant offered no evidence in support of his petition except his own testimony, and the trial judge sustained the writ and remanded him to the authorities of Dooley County for another trial on each of the five indictments. The appeal is from that judgment. *Held:*

There is a presumption in favor of the validity of sentences and this is especially true where, as here, they are based on pleas of guilty. *Code* § 38-114; *Stanforth v. Balkcom,* 217 Ga. 816 (125 SE2d 505). And the burden of overcoming this presumption in a habeas corpus proceeding is upon the prisoner. *Gay v. Balkcom,* 219 Ga. 554 (134 SE2d 600).

In the present case the prisoner testified that he did not authorize his attorney to enter pleas of guilty for him. No other evidence was offered which supports or tends to support his application for release. It was unanimously held by this court in *Archer v. Clark,* 202 Ga. 229 (1), 231 (42 SE2d 924), that: "It would be trifling with the court to allow the client, after keeping silent in the presence of the court while his attorney entered a plea of guilty in his behalf and the court acting thereon imposed the sentence, to deny thereafter the authority of his attorney to enter the plea or to deny his approval of such action by his attorney. Had he had any objection, he should have made it known at the time and before the court acted thereon." For like holdings, see *Burkes v. Whitley,* 221 Ga. 108 (1) (143 SE2d 171), and *Cobb v. Dutton,* 222 Ga. 11 (1) (148 SE2d 399). Following these controlling precedents, we hold that the trial judge erred in failing to remand applicant to the custody of respondent.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1966—DECIDED SEPTEMBER 22, 1966.

*Arthur K. Bolton, Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Carter A. Setliff, Assistant Attorney General, Joel M. Feldman,* for appellant.