24260. SMITH, Warden v. FULLER.

ARGUED SEPTEMBER 12, 1967—DECIDED OCTOBER 6, 1967.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Mathew Robins,* for appellant.

*James Watts,* for appellee.

MOBLEY, Justice. Claude Fuller brought a petition in the City Court of Reidsville for the writ of habeas corpus, alleging that Lamont Smith, Warden, was illegally restraining him of

his liberty under a life sentence from DeKalb Superior Court. He asserted that this sentence was illegal because a plea of guilty was entered for him without his knowledge or consent by William B. Morgan, an attorney appointed to represent him.

After a hearing, the trial judge entered an order which recited that, "it appears to the court that the petitioner, Claude Fuller, was appointed an attorney to represent him in the criminal proceedings in the Superior Court of DeKalb County, Georgia, charging him with the offense of murder, shortly after he was delivered to the authorities of said DeKalb County; however, it further appears to the court that the petitioner did not have an attorney to represent him at a hearing on said charges in the City of Atlanta prior to the delivery of the petitioner to the authorities of DeKalb County and prior to the return of the indictment by the Grand Jury of DeKalb County; . . ." It was then ordered that "for the above stated reasons" the petitioner be released from the custody of the respondent unto the authorities of DeKalb County "to be tried again on the charge of murder returned by the Grand Jury of DeKalb County at the March Term, 1966, or otherwise dealt with according to law on said charge." The respondent appealed from this order.

■ The release of the appellant from the custody of the warden was based on the appellant's testimony that he did not have an attorney at his commitment hearing in Atlanta, an issue not made by his petition for habeas corpus. In *Molignaro v. Balkcom*, 221 Ga. 150, 151 (143 SE2d 748), this court approved the ruling by the Court of Appeals in *Blake v. State*, 109 Ga. App. 636 (137 SE2d 49), that in this state the preliminary commitment hearing "is not *inherently* a critical stage" of the criminal proceeding. In *Molignaro v. Balkcom,* supra, it was held that the denial of counsel at the commitment hearing does not deny an accused person due process of law where his rights are in no way prejudiced by the lack of counsel at that time.

There was no testimony to show that the appellant's lack of counsel at the commitment hearing in Atlanta in any way prejudiced him in the proceeding in DeKalb Superior Court

wherein his appointed counsel entered a plea of guilty for him and he was sentenced to life imprisonment. It was error to release him from the custody of the warden because of his testimony that he did not have counsel to represent him at the commitment hearing.

■ The judge made no ruling on the contention made by the appellant in his petition for habeas corpus, that the attorney appointed to represent him entered a plea of guilty for him without his knowledge or consent. The appellant urges that the evidence at the habeas corpus hearing demanded a judgment in his favor on this contention, and that the judgment of the trial judge should be affirmed, even though based on the wrong reason.

The appellant testified: He can not read or write; he did not know that anyone was entering a plea of guilty for him; he did not sign any paper; his lawyer did not say anything to the judge; he did not say anything to the judge; he did not know what was happening at the time; and he thought he was pleading not guilty. In regard to the sentence he received, he testified: "I just walked up there in front of the judge and he told me, 'You look like you have been a good worker, you don't look like you killed nobody to me.' Then he said, 'I sentence you to life in prison.'"

In *Dutton v. Parker,* 222 Ga. 532 (150 SE2d 833), the applicant for habeas corpus testified that he did not authorize the attorney appointed to represent him to enter pleas of guilty for him. This court held that the trial judge erred in failing to remand the applicant to the custody of the respondent, quoting from *Archer v. Clark,* 202 Ga. 229 (1), 231 (42 SE2d 924), as follows: "It would be trifling with the court to allow the client, after keeping silent in the presence of the court while his attorney entered a plea of guilty in his behalf and the court acting thereon imposed the sentence, to deny thereafter the authority of his attorney to enter the plea or to deny his approval of such action by his attorney. Had he had any objection, he should have made it known at the time and before the court acted thereon." See also *Burkes v. Whitley,* 221 Ga. 108 (1) (143 SE2d 171); *Cobb v. Dutton,* 222 Ga. 11 (1) (148 SE2d 399).

The evidence in the present case did not show any illegality in the sentence which the appellant is serving, and the trial judge erred in releasing him from the custody of the respondent.

*Judgment reversed. All the Justices concur.*