24523. TOLEVER v. SMITH, Warden.

Argued March 12, 1968—Decided April 4, 1968—
Rehearing denied April 22, 1968.

*Garland & Garland, Reuben A. Garland,* for appellant.

*J. Max Cheney, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Joel C. Williams, Jr., Deputy Assistant Attorney General,* for appellee.

Grice, Justice. His petition for habeas corpus having been denied, Fred Tolever appeals to this court. The petition, filed in the Superior Court of Tattnall County against Lamont Smith, Warden of the Georgia State Prison, alleged that he is illegally held under sentence of the Superior Court of Lee County on a plea of guilty not voluntarily entered. The respondent denied the material allegations. Upon a hearing at which evidence was presented by both parties, the court made findings of fact and law and remanded the petitioner to the custody of the respondent. Enumerated as error is the denial of the petition, resulting in violation of certain guaranties of the State and Federal Con-

stitutions, to wit, due process and equal protection under both Constitutions, and the right to indictment by grand jury and to a trial under the Federal Constitution.

The undisputed evidence showed that the petitioner and one Carl LeMay were charged in separate accusations with the offense of larceny from the house and that they entered pleas of guilty. Both received sentences of six years. LeMay's was to be served on probation, but petitioner's was not. The accusation against petitioner did not contain a date of the commission of the offense. The pleas were signed by each accused, and by a named attorney as their counsel.

1. The habeas corpus court was amply authorized to find that the petitioner had counsel when he entered his plea, and thus was not deprived of the right of counsel. Although in some portions of his testimony the petitioner denied this, elsewhere he testified that earlier on the day when he entered his plea his bondsman told him that this attorney was his lawyer; that he himself expected him to be his lawyer; and that during the entry of his plea, after he had stated to the court that he was guilty, this attorney told him not to say anything and that "everything will be all right." The judge who accepted the plea testified that petitioner was then and there represented by counsel who was reputable and experienced, that he did not ask petitioner if he desired counsel because this attorney appeared with him, and that such attorney signed the plea in his capacity as petitioner's attorney.

2. Furthermore, the evidence was sufficient to sustain the finding that none of the petitioner's other rights was violated.

His account of what transpired, in material part, is that which follows.

He testified that earlier on the day when he entered his plea the attorney referred to above told him that he was charged with robbery; that he might receive the electric chair, but that if he plead guilty he would receive probation; that the attorney told him he should plead guilty; and that his plea was induced by that statement. He swore that he could read and write only "a little bit," that he thought he was pleading guilty to the offense of robbery; that he did not read what he was signing;

that no one read to him the charge, which actually was an accusation for larceny from the house; that no lawyer conferred with him concerning larceny from the house; that he was not guilty of that offense; that the judge did not ask him any questions relating to his understanding of the charge against him; and that when he signed the statement on the accusation to the effect that he waived indictment by the grand jury and when he was formally arraigned and plead guilty, no one explained to him what he was signing and no one explained to him that he was waiving the right to indictment.

On the other hand, the judge who accepted the plea and sentenced him testified as to what occurred on that occasion. He swore that it was his recollection that the state's attorney informed petitioner that the charge against him was larceny from the house and asked him how he wished to plead, and that the petitioner replied "guilty." The judge said that this attorney stated to the court that he represented the petitioner and spoke for him. The judge also said that this attorney told petitioner to sign and then himself signed the plea. The judge further testified that after he had informed petitioner of his sentence, petitioner asked why he was not given probation as was LeMay and that he told petitioner this was because of petitioner's previous record. He also testified that no recommendation as to sentence had been made to him by the solicitor general and that no promise of probation had been made to petitioner by him.

In assessing the foregoing evidence we are governed by the well established rule that "In a habeas corpus hearing there is a presumption in favor of the conviction or judgment unreversed, and that the decision of the court convicting the prisoner was well founded . . . [citations], and the burden is upon the prisoner to overcome this presumption." *Gay v. Balkcom,* 219 Ga. 554 (134 SE2d 600). And this presumption is applicable where such judgments are based on pleas of guilty. *Dutton v. Parker,* 222 Ga. 532 (150 SE2d 833).

In the *Gay* case, supra, petitioner's claims were quite like those here. This court said, "His petition alleges he was denied due process and right of counsel, and he was not informed

of his right of trial by jury . . . and of grand jury indictment; and his conviction was invalid because he was not informed of his rights before signing a waiver, and he 'did not understand what he was doing.' The evidence at the hearing, at most, was conflicting. . ." This court held that the habeas corpus court properly remanded the petitioner to the custody of the warden.

Also, what was said in *Archer v. Clark,* 202 Ga. 229, 231 (42 SE2d 924), applies here: "It would be trifling with the court to allow the client, after keeping silent in the presence of the court while his attorney entered a plea of guilty in his behalf and the court acting thereon imposed the sentence, to deny thereafter the authority of his attorney to enter the plea or to deny his approval of such action by his attorney. Had he had any objection, he should have made it known at the time and before the court acted thereon."

In reaching the conclusion that it was not shown that petitioner was denied any of his rights, we are mindful of the provisions of the Habeas Corpus Act of 1967 (Ga. L. 1967, p. 835; *Code Ann. Ch.* 50-1), and particularly the language of Section 3 (1) (*Code Ann.* § 50-127): "Rights conferred or secured by the Constitution of the United States shall not be deemed to have been waived unless it is shown that there was an intentional relinquishment or abandonment of a known right or privilege which relinquishment or abandonment was participated in by the party and was done voluntarily, knowingly, and intelligently." From a review of the evidence in this case, we deduce that, at most, there was a conflict as to whether this petitioner, assisted by counsel whose experience, integrity and ability he does not question, relinquished or abandoned a known right or privilege, and that the court which heard the evidence was justified in finding that he did so.

3. One final contention remains, that the accusation against the petitioner was void because of the absence of date of commission of the offense. This position cannot now be maintained. A defect such as this should be taken advantage of upon arraignment, and it is too late to raise it for the first time after conviction. Compare *Harris v. State,* 58 Ga. 332, 333; *Phillips*

*v. State,* 86 Ga. 427 (2) (12 SE 650); *Johnson v. State,* 90 Ga. 441, 444 (16 SE 92).

For the foregoing reasons the habeas corpus court did not err in finding that the petitioner's constitutional rights were not violated, and in remanding him to the custody of the warden.

*Judgment affirmed. All the Justices concur.*