24539. JOHNSON, alias JOHNSTON v. SMITH, Warden.

UNDERCOFLER, Justice. This is an appeal from an order sustaining a plea of res judicata in a habeas corpus proceeding. The applicant entered pleas of guilty in the Superior Court of Pike County in 1961 on two burglary indictments and received two 20-year sentences. He admits the filing of two previous ha-

beas corpus petitions on the bases of illegal extradition and an illegally constituted grand jury both of which petitions were decided adversely to him.

The present application asserts that the sentences under which the applicant is being detained were imposed in violation of his constitutional rights in that: 1. He was convicted as a result of improper collusion between State and Federal officials in forcing him to trial using illegally seized evidence. 2. He was deprived of effective counsel which amounts to a denial of counsel. 3. He was denied the right of a jury trial and the right to appeal. 4. The indictments, convictions and sentences were based on illegally seized evidence.

The record shows that the applicant was indicted in both the Federal court and the State court for offenses growing out of burglaries. The Federal court sustained a motion to suppress certain evidence in the Federal case and overruled a motion to suppress certain other evidence. It denied a motion to dismiss the Federal indictment. Thereafter, the defendant was transferred to the State court to stand trial. The present application for habeas corpus alleges that the applicant was represented at the trial by two employed attorneys; that said attorneys then informed him that the motion to suppress certain evidence in the Federal court had been overruled and that "they would need $3,000 to try the cases or else they would enter pleas of guilty"; that upon the advice of counsel, based on these facts, he entered pleas of guilty; and that because of these facts the applicant's pleas of guilty were not voluntary. *Held:*

A careful review of the record in this case fails to reveal the denial of any constitutional rights of the applicant and the trial judge did not err in remanding him to the custody of the respondent. *Dutton v. Parker,* 222 Ga. 532 (150 SE2d 833) ; *Smith v. Fuller,* 223 Ga. 673 (2) (157 SE2d 447) ; *Allen v. Caldwell,* 224 Ga. 47 (159 SE2d 289).

*Judgment affirmed. All the Justices concur.*

Submitted March 12, 1968—Decided April 4, 1968.

*Glenn Zell,* for appellant.

*Arthur K. Bolton, Attorney General, B. Daniel Dubberly, Jr., Joel C. Williams, Jr., Deputy Assistant Attorneys General, Marion O. Gordon, Assistant Attorney General,* for appellee.