**Charlie ROBERSON, Petitioner,**

v.

**Lamont SMITH, Warden, Georgia State Prison, Reidsville, Georgia, Respondent.**

**Civ. A. No. 2375.**

United States District Court
S. D. Georgia,
Savannah Division.

Oct. 7, 1968.

Charlie Roberson, pro se.

William R. Childers, Jr., Atlanta, Ga., for defendant.

## ORDER

LAWRENCE, District Judge.

Petitioner in the above styled action filed his application for a Writ of Habeas Corpus in the Superior Court of Tattnall County alleging that a plea of guilty to the charge of voluntary manslaughter in Jenkins Superior Court on November 16, 1967 in the case of State of Georgia v. Roberson was not in fact made by him. Petitioner stated in said application that the plea of guilty was entered by his attorney without petitioner's knowledge or consent when petitioner was not present. A hearing was held in Tattnall Superior Court on May 15, 1968 subsequent to which the Court issued its order denying petitioner's writ.

The Superior Court states its findings of fact to the effect that petitioner was represented by an attorney of his own choice and that a guilty plea was entered by petitioner's attorney, acting for petitioner. The Court concludes by saying, "Where one is charged with a criminal offense and is represented in Court by an attorney of his own choice and such attorney enters a plea of guilty without protest from the accused and the Court thereupon imposes sentence, he is not entitled to a discharge from custody thereafter upon the ground that his attorney entered the plea of guilty without his consent and over his protest." The Court cites Archer v. Clark, 202 Ga. 229, 42 S.E.2d 924 (1947) as authority for this proposition but directs no further comment to the question of whether or not petitioner's plea was *in fact* voluntarily entered.

Petitioner filed a similar application for Writ of Habeas Corpus in this Court repeating the above allegations and further alleging exhaustion of State remedies notwithstanding petitioner's failure to present this issue, by appeal, to the Supreme Court of Georgia. The State denies that petitioner has exhausted his available State remedies.

It is the opinion of this Court that the State Court's notion of due process in respect to the voluntariness of guilty pleas falls considerably short of that held by Federal Courts generally. In Lane v. United States, 373 F.2d 570 (5 Cir. 1967) the Court held that the "presence of counsel and the statement that the defendant pleads guilty" are not sufficient to show that the plea was made voluntarily. In light of the Archer case (supra) and more recent Georgia decisions, [see Tolever v. Smith, 224 Ga. 270, 161 S.E.2d 266 (1968), Smith v. Fuller, 223 Ga. 673, 157 S.E.2d 447 (1967)] it is apparent that the Georgia Courts firmly adhere to the contrary view. Federal Courts do not follow a doctrine of constructive acquiescence and under the circumstances petitioner's failure to satisfy the rule of exhaustion is no bar to federal jurisdiction. [See Reed v. Beto, 343 F.2d 723 (5 Cir. 1965), Ruttledge v. City of Miami, 267 F.Supp. 885 (D.C.1967)].

For the foregoing reasons petitioner's application was allowed filed and the matter came on for hearing before this Court on September 12, 1968. Upon careful consideration of all the evidence, this Court finds that: ·

(1) Petitioner was present in Jenkins Superior Court on November 16, 1967 as was petitioner's counsel.

(2) Petitioner's guilty plea was entered at this time by counsel for petitioner in petitioner's presence.

(3) Petitioner had conferred with counsel and agreed that in view of the circumstances a guilty plea to the charge

of voluntary manslaughter was advisable.

(4) Petitioner's plea was entered voluntarily with knowledge and understanding of the consequences.

For the foregoing reasons this Court finds petitioner's application for Writ of Habeas Corpus to be without merit. It *is hereby ordered that the Writ be denied.*