24977. EVANS v. PERKINS, Warden.

ARGUED DECEMBER 9, 1968—DECIDED JANUARY 9, 1969— REHEARING DENIED JANUARY 23, 1969.

49

*Grace W. Thomas*, for appellant.

*Arthur K. Bolton, Attorney General, Mathew Robins, Marion O. Gordon, Assistant Attorneys General*, for appellee.

NICHOLS, Justice. 1. There is no authority to amend a notice of appeal. *Hardnett v. U. S. Fid. &c. Co.*, 116 Ga. App. 732 (158 SE2d 303). However, since this is a habeas corpus case wherein the first judgment remanding the prisoner to custody is not as a matter of law res judicata on another petition for writ of habeas corpus, and since each notice of appeal is from a final judgment each will be treated as a separate appeal using the one transcript and record.

2. A photographic reproduction of the original indictment is included in the transcript of the evidence adduced on the 'hearing of the application for a writ of habeas corpus which discloses that the indictment was returned on April 28th, and not April 18th as contended by the prisoner. The contention that the indictment was returned before the crime was allegedly committed on April 21st is without merit, even if such contention could be raised after the plea of guilty was entered

and sentence imposed. See *Tolever v. Smith*, 224 Ga. 270, 273 (161 SE2d 266), and citations.

3. While the evidence adduced on the hearing was not without conflict the trial court was authorized to find from all the evidence that the prisoner was represented by employed counsel who counseled with her before the plea was entered, that a private investigator employed by the attorney investigated the facts surrounding the occurrence out of which the murder indictment arose and that no constitutional rights of the prisoner, either under the Georgia Constitution or the United States Constitution, were violated. There was evidence adduced that the prisoner was informed of her rights and that she voluntarily entered the plea of guilty. It is undisputed that she signed the guilty plea along with her attorney and under such circumstances it must be said that the trial court was authorized to find that she knowingly waived her right to a jury trial and entered the plea of guilty. See *Tolever v. Smith*, 224 Ga. 270, supra.

4. The sole remaining question presented by the prisoner's enumeration of errors is that because of evidence not known about at the time she pleaded guilty an acquittal of the murder charge would be demanded.

The legality of the present confinement is the question under review in a habeas corpus proceeding. See *Harris v. Norris*, 188 Ga. 610, 611 (4 SE2d 840); *Dutton v. Knight*, 223 Ga. 140 (153 SE2d 714). The confinement under a sentence imposed as a result of a valid plea of guilty to a valid indictment cannot under any circumstances be declared illegal in a habeas corpus proceeding merely because other evidence is discovered which may have authorized a jury to acquit the prisoner on the original trial had such plea of guilty not been entered. See *Paulk v. Sexton*, 203 Ga. 82 (2) (45 SE2d 768). The procedure to secure a new trial because of newly discovered evidence is a motion for new trial. *Code* § 70-303. Accordingly, the trial court did not err in denying this ground of the petition for writ of habeas corpus and in remanding the prisoner to the custody of the Warden of the Colony Prison Farm.

*Judgment affirmed. All the Justices concur.*