### 25233. BALLARD v. SMITH, Warden.

FRANKUM, Justice. The petitioner in this case entered pleas of guilty in the Superior Court of McIntosh County on December 8, 1965, to the offense of robbery by open force and violence with an offensive weapon, and to the offense of kidnapping. He was sentenced to life imprisonment on the robbery indictment and to four years in prison to run concurrently with the robbery sentence on the kidnapping charge. In November 1968, he filed in the Superior Court of Tattnall

County a petition for habeas corpus. His petition came on for hearing on January 29, 1969, and after hearing evidence the court rendered a judgment remanding the prisoner to the custody of the Warden of the State Penitentiary. Petitioner appealed from that judgment and before this court he enumerates four grounds of error.

1. The evidence adduced upon the trial of this case consisted of the testimony of the petitioner, the testimony of the judge before whom the pleas of guilty were entered, the testimony of the then solicitor general, who is now Judge of the Superior Court of McIntosh County, and the transcript of testimony adduced in a hearing before the U. S. District Court for the Southern District of Georgia, Savannah Division, on April 24, 1967, which was introduced pursuant to agreement of the parties. The appellant's first contention is that the trial judge's refusal to continue or postpone the trial in order to give appellant the right to adequately defend the charges against him abridged his right to benefit of counsel guaranteed to him by Art. I, Sec. I, Pars. III and V of the Constitution of Georgia (*Code Ann.* §§ 2-103 and 2-105) and by the 14th Amendment to the Federal Constitution. The evidence as to whether the court refused to grant the applicant a continuance was, to say the least, conflicting. Counsel who represented the applicant and who advised him to plead guilty testified that he, upon being appointed by the court to represent the defendant, immediately moved for a continuance. He did not testify that the continuance was refused. On the other hand the judge before whom the cases were heard testified that in cases involving crimes of a serious nature like those with which the defendant was charged, it was his unvarying practice to grant to appointed counsel a continuance upon motion therefor being made. He testified that a motion for a continuance was not made in the cases, and on cross examination he testified that he granted time to counsel to confer with his client, "but so far as a formal motion for continuance, no, it wasn't made." The judge of the superior court before whom the habeas corpus proceeding was heard was not bound by the testimony of the lawyer who represented the accused at the time the pleas of guilty were entered, but had a discretion to determine which witnesses he would believe and to what testimony he would give credit. He was authorized to find from the testimony of the trial

judge that no motion for continuance was made, and under these circumstances his finding that the trial judge did not refuse to grant a continuance was authorized.

2. Petitioner's second contention before this court is that the constitutional guaranty of benefit of counsel was abridged because he was not offered or allowed counsel upon arrest or upon indictment in violation of Art. I, Sec. I, Par. V of the Constitution of the State of Georgia (*Code Ann.* § 2-105). The assistance of counsel is one of the essentials of due process, and the accused is entitled to this assistance at every critical stage in a criminal prosecution. Hamilton v. Alabama, 368 U. S. 52 (82 SC 157, 7 LE2d 114); White v. Maryland, 373 U. S. 59 (83 SC 1050, 10 LE2d 193); Harris v. State (Fla. Sup. Ct.) 162 S2d 262; Montgomery v. State (Fla. Sup. Ct.) 176 S2d 331; Myrick v. State (Ct. of App. Fla.) 177 S2d 845. 16A CJS 666 et seq., Constitutional Law, § 591b, and the numerous authorities cited therein. A critical stage in a criminal prosecution is one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way. State v. Williams, 97 N. J. Super. 573 (235 A2d 684). See 10A Words and Phrases, Perm. Ed., 209-212. The petitioner in this case made no showing that anything occurred at the times on which he contends he was denied the benefit of counsel which in any way affected any of his rights. For these reasons, this contention is without merit.

3. Petitioner next contends that his pleas of guilty were not freely and voluntarily entered. The record shows that the pleas were entered by his attorney in open court in his presence and that he made no protest that they were not his pleas. The attorney who represented him testified as to the investigation which he made and as to the advice which he gave the accused with respect to the choices open to him. The mere fact that an accused in entering a plea of guilty to a capital offense does so because it appears to him to be the best of one or more hard or poor alternatives, does not render such plea involuntary. As was said in the recent case of *Smith v. Fuller*, 223 Ga. 673, 675 (157 SE2d 447), in quoting from the earlier case of *Archer v. Clark*, 202 Ga. 229, 231 (42 SE2d 924), " 'It would be trifling with the court to allow the

client, after keeping silent in the presence of the court while his attorney entered a plea of guilty in his behalf and the court acting thereon imposed the sentence, to deny thereafter the authority of his attorney to enter the plea or to deny his approval of such action by his attorney. Had he had any objection, he should have made it known at the time and before the court acted thereon.' See also *Burkes v. Whitley,* 221 Ga. 108 (1) (143 SE2d 171); *Cobb v. Dutton,* 222 Ga. 11 (1) 148 SE2d 399)." This contention is without merit.

4. The fact that the accused was held for several days without a commitment hearing in no way affects the legality of his present detention, which is the only issue in a habeas corpus case. As was said in *Johnson v. Plunkett,* 215 Ga. 353 (5) (110 SE2d 745): "Any defect or irregularity in the prior arrest or imprisonment of the petitioner, even if there were such, would in no wise affect the jurisdiction of the court trying him; and the record disclosing that the petitioner has been indicted, tried, convicted, and sentenced for the offense of rape, and that he was being detained by reason of such conviction, the trial court did not err in remanding the petitioner to the custody of respondents, and in denying the writ of habeas corpus." There is no merit in this contention of the petitioner.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 11, 1969—DECIDED JULY 10, 1969.

*Reginald C. Haupt, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, B. Daniel Dubberly, Jr., Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.