26305.   BEAVERS v. SMITH.

Argued February 8, 1971—Decided March 4, 1971.

Hermon Beavers, *pro se, Paul Weiner,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Charles B. Merrill, Jr., Assistant Attorneys General,* for appellee.

GRICE, Justice. This appeal is from the denial of the writ of habeas corpus and the remand of the petitioner to the respondent Warden of the Georgia State prison. The writ was sought by Hermon E. Beavers upon his petition filed in the Superior Court of Tattnall County against the warden, seeking release from confinement for a sentence of burglary imposed in the Superior Court of Fulton County. His petition complained of numerous events allegedly occurring prior, during and subsequent to his trial, which he claimed violated his constitutional rights. The respondent denied the material allegations.

The petitioner makes ten enumerations of error besides a motion to dismiss the respondent's documents filed in this appeal.

1. We deal first with the motion. In substance, it alleges that the respondent did not serve him with a copy of a request for a ten-day extension to file a brief in this court as required by Rules 20 and 45, and seeks disallowance of all documents filed by respondent in this court. This motion is not meritorious. The clerk of this court notified petitioner of the grant of this extension and he was not harmed in any way.

2. The first enumeration of error is that the habeas corpus court erred in not striking the respondent's answer to the petition. He urges that the respondent did not file his answer within twenty days from service of the petition as required by *Code Ann.* § 50-127 (6), and announced ready before he filed it, thereby denying him due process of law under the State Constitution. This contention has no merit. The record shows that the petitioner did not make any objection as to lateness; that when he was handed a copy of the answer at the beginning of the trial he was given time to read it; and that at his request he was afforded the opportunity to prepare and file a traverse to it. Thus no harm to the petitioner appears. Furthermore, disobedience of a respondent to a writ requiring him to answer within a stated time may subject him to punishment for contempt but it does not require release of the prisoner. *State v. Philpot,* Dud. 46 (Ga. 1831). See also 39 CJS 660, Habeas Corpus, § 96.

3. The second enumeration contends that the habeas corpus court erred in not granting petitioner's traverse to the respondent's answer. He maintains, in essence, that it makes categorical denials but does not state any facts or law. The answer here was not deficient in this respect. There is no such requirement. See *Code* § 50-111; *Code Ann.* § 50-127 (6).

4. Another enumeration is that the habeas corpus court erred in refusing to admit into evidence, without objection, an affidavit. This complaint is clearly without foundation. The record shows that the petitioner had no affidavit in his possession to introduce into evidence, and that the respondent objected to consideration of it if later mailed to the judge upon the ground that affidavits are not permissible in habeas corpus hearings.

5. A further enumeration urges that the habeas corpus court committed error in not finding that the petitioner was illegally arrested, and also, that the Atlanta police had no authority to transport him from the Cobb County jail to the Atlanta city jail for his incarceration upon a charge of burglary without a criminal warrant. Upon the burglary trial there was no evidence as to an illegal arrest of the petitioner or as to transporting him to the Atlanta jail for incarceration without a warrant.

In *Sharpe v. Smith,* 225 Ga. 52, 53 (165 SE2d 656), it was said in regard to such an allegation that, "From the facts that appear in the record his arrest was lawful. However, even if otherwise, this would not entitle him to be released upon habeas corpus."

Moreover, no objection was made at his trial as to either of these features, but was raised for the first time in the habeas corpus proceeding. This is not a valid enumeration. See *Walker v. State,* 226 Ga. 292 (4) (174 SE2d 440) (two Justices dissenting upon other grounds).

6. Petitioner enumerates error in the habeas corpus court's not finding that an illegal commitment was held in that he was not afforded counsel and that no warrant was obtained to make an issue.

(a) This court has held that denial of counsel at a commitment hearing does not deprive an accused of due process of law. *Molignaro v. Balkcom,* 221 Ga. 150, 151 (143 SE2d 748); *Smith v. Fuller,* 223 Ga. 673, 674 (157 SE2d 447).

(b) The petition in the habeas corpus proceeding did not allege that a warrant was not issued for the Fulton County commitment which was held. *Code Ann.* § 50-127 (2) requires that, "The petition shall . . . clearly set forth the respects in which petitioner's rights were violated." Furthermore, this feature affords no basis for release upon habeas corpus. See *Sharpe v. Smith,* 225 Ga. 52, 53, supra.

For these reasons this enumeration is not tenable.

7. The petition further enumerates error in the failure of the habeas corpus court to find that the indictment was illegal upon the grounds that he was illegally arrested, that an illegal commitment was held for the basis of charging the alleged burglary, and that illegal evidence was used. This position cannot be sustained. We need only point out that petitioner's retained counsel did not seek to quash the indictment, and therefore, he cannot now object. Cf., *Ballard v. Smith,* 225 Ga. 416, 418 (169 SE2d 329).

8. Petitioner claims in another enumeration that the habeas corpus court erred in not finding that he was denied due process of law by the State's introduction in evidence of certain tools. He contends that they were not proven to be burglary tools, and also that he was not on trial for possession of burglary tools. The rule is well established that "A writ of habeas corpus can not be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court." *Wallace v. Foster,* 206 Ga. 561 (1) (57 SE2d 920), and citations. Furthermore, petitioner's counsel made no objection to the introduction of this evidence, electing to allow it to be considered by the jury in an effort to show that the tools were used for legitimate purposes. This enumeration is not meritorious.

9. Petitioner also avers that the habeas corpus court should have found that the trial court erred in charging the jury upon conspiracy and in recharging on burglary and conspiracy, The use of habeas corpus as a substitute for correction of errors or irregularities, as discussed in the preceding division, renders this enumeration not maintainable.

10. Enumerated as error is the claim that the habeas corpus court should have found that the petitioner's sentence was illegal in that it was not imposed in his presence.

In considering this claim, we regard as pertinent what was

stated in *Dutton v. Morris,* 222 Ga. 595, 596 (151 SE2d 125): "Upon the trial of the case there existed a presumption in favor of the conviction or judgment thereof unreversed, and that the decision of the court convicting him was well founded (*Code* § 38-114; *Stanforth v. Balkcom,* 217 Ga. 816 (125 SE2d 505)), and the burden of overcoming this presumption in a habeas corpus proceeding is upon the prisoner. *Gay v. Balkcom,* 219 Ga. 554 (134 SE2d 600); *Dutton v. Parker,* 222 Ga. 532 (150 SE2d 833).

"The prisoner wholly failed to carry that burden. His testimony that he was not present during his trial but was in the judge's office was not sufficient, as the able counsel representing him may have with his consent or in his presence waived his presence in the courtroom, which he could have done (see *Wilson v. State,* 222 Ga. 73, 75 (90 SE2d 557) and cases cited); or the prisoner may have voluntarily absented himself from the courtroom during the trial . . . While the prisoner has the right to be present at every stage of the proceedings and personally see and know what is being done in his case, in a habeas corpus proceeding the burden is on him not only to furnish evidence that he was deprived of that right, but that he had not, nor had his counsel with his consent, waived that right, and that he had not voluntarily absented himself from the courtroom."

This enumeration is therefore not valid.

11. The final enumeration of error insists that the habeas corpus court failed to find that the trial court erred in depriving him of his right to appeal. This charge is not supported by the evidence and thus has no merit. During the period allowed for filing a motion for new trial petitioner was represented by retained counsel. His attorney may well have determined that the four-year sentence called for by the jury's verdict was satisfactory, and rather than risking the consequences of another trial therefore declined to participate in a motion for new trial in order to lay the foundation for an appeal. The responsibility in determining whether to appeal rests upon counsel. *Balkcom v. Roberts,* 221 Ga. 339 (2) (144 SE2d 524); *Givens v. Dutton,* 222 Ga. 756, 758 (152 SE2d 358); *Blackmon v. Smith,* 226 Ga. 849, 850 (178 SE2d 176).

Since there was no error in the proceedings, the judgment is

*Affirmed. All the Justices concur.*