26470.   ANGLIN v. CALDWELL.

SUBMITTED APRIL 13, 1971—DECIDED MAY 6, 1971.

Ralph Anglin, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

MOBLEY, Presiding Justice. This appeal is from the denial of relief under a petition for habeas corpus and remand of the prisoner to the custody of the respondent.

The prisoner entered a plea of guilty of burglary in Cobb Superior Court and was given a sentence of twelve years. Thereafter, while serving the sentence in Butts County, he filed his petition for habeas corpus. The judge, after hearing evidence and making findings of fact, denied the relief prayed.

The prisoner at the hearing testified that he had not entered a

plea of guilty, that he had been promised probation, and that he was under the influence of drugs at the time he entered his plea.

In response thereto the State introduced the complete record, which included the indictment, showing that the prisoner waived a copy of the indictment, list of witnesses, and formal arraignment, and that he pleaded guilty. The record included questions to the prisoner, and his affirmative answers thereto, stating that: (1) he understood the statements and questions of the court; (2) he was not under the influence of drugs, alcohol, or narcotics; (3) he understood the charge against him; (4) he understood that he could be imprisoned for 20 years; (5) no officer or other party made any promise or threats to influence his plea; (6) he had a lawyer with whom he had conferred; (7) he had time to subpoena witnesses if he desired them; (8) he instructed his lawyer to enter a plea of guilty; (9) he pleads guilty to the charge; (10) he is satisfied with the services of his attorney; (11) he in fact is guilty; and (12) these questions have been read to and explained to him. The trial judge certified that the questions were propounded to the prisoner, and the answers given were as set forth therein. The record also includes the plea of guilty.

This court in *Ballard v. Smith,* 225 Ga. 416 (1) (169 SE2d 329), held that the question of credibility of testimony in a habeas corpus hearing is vested in the hearing judge. The question of credibility was an essential element in the conclusion of the trial judge in the present case, and he was authorized to give greater credibility to the record of the prisoner's arraignment than to his testimony at the hearing. Furthermore, there is a presumption in favor of the validity of a sentence, especially upon a plea of guilty. *Johnson v. Smith,* 225 Ga. 519 (169 SE2d 812). See also *Dutton v. Parker,* 222 Ga. 532, 533 (150 SE2d 833).

The judgment of the trial court was amply supported by evidence.

*Judgment affirmed. All the Justices concur.*