**Ralph ANGLIN, Petitioner-Appellant,**

v.

**Jack CALDWELL, Warden, Georgia State Prison, Respondent-Appellee.**

No. 72–1336

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Aug. 31, 1972.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Foy Devine, Atlanta, Ga., (Court-appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen. of Ga., Harold N. Hill, Jr., Courtney Wilder Stanton, David L. G. King, Jr., Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Petitioner-appellant, an indigent who can neither read nor write, was charged by the State of Georgia with burglary. Prior to the selection of the jury he requested leave to withdraw his plea of not guilty and to enter a plea of guilty as charged. Accompanied by court-appointed counsel, petitioner appeared before the trial court which, after taking written and oral statements of the petitioner, accepted the plea of guilty and sentenced Anglin to twelve years imprisonment.

In the proceedings below petitioner challenged the acceptance of his guilty plea by the Georgia trial court. He alleged that his plea was entered unwillingly, unknowingly and without a full understanding of its consequences, all as a result of his being under the influence of an overdose of drugs at the time he entered his plea. He further asserts that misrepresentations by the prosecutor and by his own attorney as well motivated the guilty plea.

Petitioner was granted leave to file his habeas corpus petition by the lower court. He had sought and been denied post-conviction relief by the courts of Georgia after an evidentiary hearing, the trial court holding that his guilty plea was voluntarily and understanding-ly entered. The Supreme Court of Georgia affirmed. Anglin v. Caldwell, 1971, 227 Ga. 584, 182 S.E.2d 120.

The federal district court denied relief, after also conducting an evidentiary hearing. This appeal followed. We affirm.

It is clear from a study of the state record that the presiding judge inquired at the time the plea was entered as to petitioner's understanding of the charge; his health with specific reference to alcohol, drugs, narcotics or other pills; his satisfaction with the performance of his attorney; and specifically as to any promises or threats by the prosecutor or his attorney to encourage a plea of guilty. After stating his understanding that he could receive twenty years imprisonment upon the guilty plea, Anglin in his own words, when asked to plead, answered "Guilty, sir."

Anglin claims nonetheless that he was under the influence of a drug called "Valium" while in jail awaiting trial and as a result did not fully understand or comprehend the proceedings. Petitioner did have a heart problem for which "Valium" could have been prescribed, but the evidence was in conflict as to whether he had received any of the drug prior to his plea of guilty. The sole testimony that he was in an "abnormal" state at the time was that of Anglin himself. The transcript of the plea hearing is persuasive that petitioner was able to comprehend and voluntarily engage in the ensuing colloquy; he was attentive and responsive to the questions asked of him; clear and coherent in his replies. Certainly, the lower court's finding that the plea of guilty was voluntary is not shown to be "clearly erroneous". The testimony amply supports that holding. McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed.2d 20; Rule 52(a), F.R.Civ.P.

Anglin also contends that he was promised twelve years probation for his plea of guilty and that the prosecutor and his own attorney represented that the papers he signed—papers which

turned out to be the plea of guilty—were "probation papers" which would enable him to be immediately released. However, both the prosecutor and Anglin's lawyer at the time of the guilty plea testified to no recollection of any such deal or representation and that, furthermore, petitioner's prior record had precluded the possibility of a plea bargain. The lower court committed no error in rejecting this contention.

Affirmed.